[No. B130936. Second Dist., Div. Five. June 19, 2000.]

CITY OF LONG BEACH, Plaintiff and Respondent, v.
FARMERS AND MERCHANTS BANK OF LONG BEACH et al.,
Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

**COUNSEL**

Law Offices of Michael Leight, Michael Leight and John Gloger for Defendants and Appellants.

Robert E. Shannon, City Attorney, and Daniel S. Murphy, Principal Deputy City Attorney, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

. . . . . . . . . . . . . . . . . . . . . . . . . .*

Defendants, Farmers and Merchants Bank of Long Beach and Farmers and Merchants Trust Company of Long Beach, appeal from a summary judgment in favor of plaintiff, the City of Long Beach (the city), to foreclose on a lien against real property and authorizing the sale of the parcel. In the published portion of the opinion, we address the issue of whether defendants preserved their written evidentiary objections to part of plaintiff's evidence submitted in support of the summary judgment motion. We affirm.

*See footnote, *ante*, page 780.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

On October 26, 1998, defendants filed a 16-page set of evidentiary objections to a declaration by an employee of a company which manages the assessment district in this case. The evidentiary objections were separately set forth. For example, the first objection was as follows:

"Objection No. 1

"DEFENDANTS object to, and move to strike, the portion of the DECLARATION found in paragraph 1, which reads as follows:

' "I am a full-time employee of NBS Government Finance Group and among my other official duties I manage on behalf of the City of Long Beach, Assessment District No. 90-3.'

"Grounds of the Objection

"The declarant's status as a full-time employee of NBS Government Finance Group is irrelevant. His assertion that he 'manages' Assessment District No. 90-3 is vague, ambiguous and unintelligible. His assertion that he is a manager is an inadmissible opinion and conclusion. It does not describe, factually, his responsibilities.

"Court's Ruling on the Objection

"Sustained: _____ Overruled: _____" This format was utilized for each of the objections, most of which had materially more substance than the one we have provided as an example. The hearing on the summary judgment motion this case occurred on two separate days. At the first hearing date, defense counsel requested that the trial court rule on the written evidentiary objections. At the second hearing date, defense counsel requested again that the trial court rule on the written evidentiary objections. The trial court never ruled on the written evidentiary objections.

Evidentiary objections are an integral part of the summary judgment process. Code of Civil Procedure section 437c, subdivision (b) states, "Evidentiary objections not made at the hearing shall be deemed waived." Further, Code of Civil Procedure section 437c, subdivision (c) refers to rulings on evidentiary objections as follows, "In determining whether the papers show that there is no triable issue as to any material fact the court

---

*See footnote, ante, page 780.

shall consider all of the evidence set forth in the papers, *except that to which objections have been made and sustained by the court . . . .*" (Italics added.) Code of Civil Procedure section 437c, subdivision (d) states in a similar vein: "Supporting and opposing affidavits or declarations shall be made by any person on personal knowledge, shall set forth admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavits or declarations. Any objections based on the failure to comply with the requirements of this subdivision shall be made at the hearing or shall be deemed waived." Further, rule 343 of the California Rules of Court sets forth the procedure for ensuring the existence of a proper record of the rulings on the evidentiary objections as follows: "A party desiring to make objections to evidence in the papers on a motion for summary judgment shall either submit objections in writing pursuant to rule 345 or make arrangements for a court reporter to be present at the hearing." Rule 345 of the California Rules of Court provides: "A written objection to evidence in support of or in opposition to a motion for summary judgment shall state the page and line number of the document to which objection is made, and state the grounds of objection with the same specificity as a motion to strike evidence made at trial. Written objections shall be filed and served no later than 4:30 p.m. on the third court day preceding the hearing."

Typically, when a trial judge fails to rule on summary judgment or adjudication motion evidentiary objections, the California Supreme Court has held that the objections are deemed waived on appeal. (*Sharon P. v. Arman, Ltd.* (1999) 21 Cal.4th 1181, 1186, fn. 1 [91 Cal.Rptr.2d 35, 989 P.2d 121] ["Arman filed objections to the declarations of plaintiff and her counsel in the trial court, but the record contains no rulings on those objections. We therefore deem the objections waived and view plaintiff's evidence as having been admitted in evidence as part of the record for purposes of the appeal. ([*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666,] 670, fn. 1 [25 Cal.Rptr.2d 137, 863 P.2d 207]; Code Civ. Proc., § 437c, subds. (b), (c).)"]; *Ann M. v. Pacific Plaza Shopping Center, supra,* 6 Cal.4th at p. 670, fn. 1 ["In the trial court, defendants made a series of objections to evidence submitted by Ann M. in opposition to the summary judgment motion. The trial court did not rule on the objections. Because counsel failed to obtain rulings, the objections are waived and are not preserved for appeal. (Code Civ. Proc., § 437c, subds. (b) & (c); *Golden West Baseball Co.* v. *Talley* (1991) 232 Cal.App.3d 1294, 1301, fn. 4 [284 Cal.Rptr. 53]; *Ramsey* v. *City of Lake Elsinore* (1990) 220 Cal.App.3d 1530, 1540 [270 Cal.Rptr. 198]; *Haskell* v. *Carli* (1987) 195 Cal.App.3d 124, 129-132 [240 Cal.Rptr. 439].) Although many of the objections appear meritorious, for purposes of this appeal we must view the objectionable evidence as having been admitted in evidence and therefore as part of the record."].)

■ The foregoing rule, which holds that when a trial judge fails to rule on summary judgment or adjudication evidentiary objections, they are deemed waived, is consistent with a long series of California Supreme Court decisions in the trial context. Beginning in 1872 with *People v. Sanford* (1872) 43 Cal. 29, 32, the California Supreme Court has consistently held that when a judge fails to rule on evidentiary objections during a trial, they are deemed waived. (E.g., *People v. Millwee* (1998) 18 Cal.4th 96, 126 [74 Cal.Rptr.2d 418, 954 P.2d 990]; *People v. Samayoa* (1997) 15 Cal.4th 795, 827 [64 Cal.Rptr.2d 400, 938 P.2d 2]; *People v. Rowland* (1992) 4 Cal.4th 238, 259 [14 Cal.Rptr.2d 377, 841 P.2d 897]; *People v. McPeters* (1992) 2 Cal.4th 1148, 1179 [9 Cal.Rptr.2d 834, 832 P.2d 146]; *Goodale v. Thorn* (1926) 199 Cal. 307, 315 [249 P. 11]; *Campbell v. Genshlea* (1919) 180 Cal. 213, 220 [180 P. 336]; *Smith v. Smith* (1912) 163 Cal. 630, 631 [126 P. 475]; *People v. Westlake* (1882) 62 Cal. 303, 309, disapproved on another ground in *People v. Conkling* (1896) 111 Cal. 616, 627 [44 P. 314].) *Ann M.* and *Sharon P.* are merely the application of the trial rule concerning waiver of evidentiary objections in the law and motion context.

The problem that arose in this case is that defense counsel twice orally requested that the trial court rule on the written evidentiary objections. The trial court neglected to rule on the written evidentiary objections. Trial courts have a duty to rule on evidentiary objections. Part of the judicial function in assessing the merits of a summary judgment or adjudication motion involves a determination as to what evidence is admissible and that which is not. As noted previously, Code of Civil Procedure section 437c, subdivisions (b), (c), and (d) as well as rules 343 and 345 of the California Rules of Court presuppose that evidentiary objections are to be filed in writing or orally. In *Sharon P.* and *Ann M.*, there was no indication that any effort was made to secure a ruling on the evidentiary objections posited in the trial court. *Sharon P.* and *Ann M.* involve the typical scenario, where during the process of ruling on the summary judgment motion, the trial court neglects to rule on the evidentiary objections, which often are in writing. However, unlike the situations typified by *Sharon P.* and *Ann M.*, in this case, defense counsel twice orally raised the issue of securing a ruling on the previously filed written evidentiary objections in court before the trial judge. Frankly, in this case, there was nothing further defense counsel could be expected to do in terms of seeking rulings on the previously filed evidentiary objections beyond personally raising the issue on two separate occasions in the presence of the trial court. It is has been held that issues are preserved for review when it would be fruitless or an idle act for an attorney to object. (*People v. Chavez* (1980) 26 Cal.3d 334, 350, fn. 5 [161 Cal.Rptr. 762, 605 P.2d 401] [no duty to object when the existing state of the law would render

an objection futile]; *People v. Hopkins* (1992) 10 Cal.App.4th 1699, 1702 [13 Cal.Rptr.2d 451] [after mistrial objection overruled on a legal ground, defense counsel could reasonably have believed a further objection would be fruitless]; *People v. Scalzi* (1981) 126 Cal.App.3d 901, 907 [179 Cal.Rptr. 61] [objection unnecessary where issue had previously been argued extensively].) It would have been a fruitless or idle act to have interposed a third oral request for rulings. Accordingly, we conclude that the written evidentiary objections have been preserved for appellate review. (Meadow, *Objections: The Moment of Truth* (1999) vol. XXI, No. 3 ABTL Rep. 1, 8.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

The judgment is affirmed. Plaintiff, the City of Long Beach, is to recover its costs on appeal from defendants, Farmers and Merchants Bank of Long Beach and Farmers and Merchants Trust Company of Long Beach.

Grignon, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied July 6, 2000, and appellants' petition for review by the Supreme Court was denied October 3, 2000.

---

*See footnote, *ante,* page 780.