[No. B174017. Second Dist., Div. Seven. Nov. 2, 2005.]

PARKVIEW VILLAS ASSOCIATION, INC., Plaintiff and Appellant, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant and Respondent.

1198

## COUNSEL

Kabateck Brown Kellner, Brian S. Kabateck and Richard L. Kellner for Plaintiff and Appellant.

Robie & Matthai, James R. Robie, Kyle Kveton, Craig W. Brunet; Crandall, Wade & Lowe, James Crandall; LHB Pacific Law Partners and Clarke B. Holland for Defendant and Respondent.

Horvitz & Levy, Lisa R. Jaskol and Wendy S. Albers for 21st Century Insurance Company and American International Group, Inc., as Amici Curiae on behalf of Defendant and Respondent.

Stephan, Oringher, Richman & Theodora, Harry W. R. Chamberlain II, Robert M. Dato and Brian P. Barrow for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**PERLUSS, P. J.**—Parkview Villas Association, Inc. (Parkview Villas) appeals from the judgment entered after the trial court granted summary judgment in favor of State Farm Fire and Casualty Company (State Farm) in Parkview Villas's action concerning the adjustment of its property damage losses from the 1994 Northridge earthquake. In granting the motion the trial court found State Farm had met its initial burden of showing that one or more elements of Parkview Villas's claims for breach of contract and tortious breach of the implied covenant of good faith and fair dealing (insurance bad faith) could not be established and Parkview Villas had "offered no rebuttal, in that it failed to present any admissible evidence of the elements necessary for a prima facie showing" of breach of contract or breach of the implied covenant of good faith. The trial court subsequently explained, "[T]he lack of

admissible evidence in opposition to the motion stems from [Parkview Villas'] inadequate statement of undisputed material facts."

█ We reverse. Although Parkview Villas's failure to file an adequate separate statement is certainly unacceptable, that procedural error did not deprive either State Farm or the trial court of notice of the factual disputes and supporting evidence upon which Parkview Villas's opposition was based; indeed, State Farm responded to that evidence at length in both its reply memorandum in support of the motion and at oral argument before the trial court. In light of the strong policy favoring disposition of cases on their merits, the trial court's refusal to consider Parkview Villas's evidence was an abuse of discretion.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Parkview Villas's Earthquake Coverage and Northridge Earthquake Damage Claim*

Prior to the January 17, 1994 Northridge earthquake, State Farm issued a condominium association policy to Parkview Villas, a homeowners association for a 26-unit condominium complex in Panorama City, which included an earthquake/volcanic eruption endorsement. The earthquake coverage was subject to a policy limit and a per building deductible equal to 10 percent of the coverage for each building; the endorsement did not extend coverage to the contents of individual condominium units.

The condominium complex was damaged by the Northridge earthquake. By January 21, 1994 Parkview Villas had submitted a claim to State Farm for damage to the buildings and common areas of the complex. After inspecting the property and evaluating preliminary engineering reports obtained by Parkview Villas regarding the structural safety of the condominium complex, State Farm estimated the total actual cost of repairs for all the buildings and common areas at $214,289.90. In accordance with the terms of the policy, only the estimated repairs for the line item denominated "walls, walks and fences" exceeded the applicable line item deductible amount. On May 25, 1994 State Farm sent Parkview Villas a check for $16,798.11 for repairs to the walls, walks and driveways at the complex with a copy of State Farm's repair estimate, as well as a letter explaining that damage to the buildings and the individual units did not exceed the applicable deductibles. State Farm's letter also stated, "In the event that any repair costs do exceed our estimates or any of your applicable deductibles, please give me a call and send me a copy of your estimate before starting repairs, so I can review your estimate and determine whether payment can be made." State Farm's adjustment of the property damage losses suffered by Parkview Villas was premised on the absence of any significant structural damage to the condominium complex.

### 2. *Parkview Villas's Complaint for Breach of Contract and Insurance Bad Faith*

Parkview Villas filed a complaint against State Farm on December 27, 2001 for breach of contract, breach of the implied covenant of good faith and fair dealing and violation of Business and Professions Code section 17200 et seq.[1] The complaint, which sought compensatory and punitive damages, alleged the total damage to the condominium complex from the Northridge earthquake was not yet fully ascertainable but exceeded the applicable deductible amounts. Parkview Villas alleged State Farm had failed to thoroughly and objectively investigate and evaluate its claim, failed to properly adjust its claim and failed to pay the full policy benefits to which Parkview Villas was entitled. Parkview Villas further alleged State Farm's conduct with respect to its claim was part of a corporate scheme of improper, unfair and unreasonable claims practices directed to its insureds who had suffered losses in the Northridge earthquake.

### 3. *State Farm's Motion for Summary Judgment*

On August 22, 2003 State Farm moved for summary judgment or in the alternative summary adjudication, scheduling the hearing on its motion for November 12, 2003 (four weeks prior to the December 10, 2003 trial date). Addressing Parkview Villas's claims for breach of contract and breach of the implied covenant of good faith, State Farm's separate statement of undisputed material facts identified 29 undisputed facts and presented supporting evidence to demonstrate it had settled Parkview Villas's claim pursuant to the terms of its policy, promptly paying Parkview Villas all sums owed; at no time prior to the filing of the current litigation had Parkview Villas provided State Farm with any estimate that exceeded State Farm's original estimate of damage or reported additional earthquake damages or higher repair costs. In support of its undisputed fact No. 10 ("Engineering evaluations confirm that the Association's buildings did not sustain structural damage from the Northridge earthquake of January 17, 1994"), State Farm submitted evidence that during the pendency of the lawsuit it had retained engineers who inspected the property and confirmed that Parkview Villas's buildings had sustained no structural damage in the Northridge earthquake.

### 4. *Parkview Villas's Opposition to the Summary Judgment Motion*

On October 30, 2003 Parkview Villas filed a 25-page memorandum of points and authorities in opposition to State Farm's motion. The opposition

---

[1] The complaint also contained a cause of action for professional negligence against the insurance agent who had obtained the condominium association policy for Parkview Villas for her alleged failure to procure full and adequate insurance coverage as requested.

attached the seven- page declaration of Greg Watson, a licensed public insurance adjustor and general contractor; a four-page declaration of William L. McCarthy, a registered professional engineer specializing in civil and structural engineering; and a seven-page declaration from Richard Masters, an individual with extensive experience in the insurance industry as an expert who has previously testified regarding the standard of care for insurance companies, including with respect to claims practices; as well as declarations from the property manager at Parkview Villas at the time of the Northridge earthquake (Richard Monson, Jr.), two Parkview Villas condominium owners and Parkview Villas's trial counsel. Parkview Villas's opposition memorandum began with a short paragraph highlighting its basic theme: "State Farm grossly under evaluated and outrageously low balled the subject loss in 1994, paying Plaintiff slightly in excess of $16,000. General contractor/public adjuster Greg Watson has opined that the physical damages approximate 1.5 million dollars."

Parkview Villas separately filed a document entitled "Response to Separate Statement of Allegedly Undisputed Materials," which admitted five of the 29 undisputed facts presented by State Farm and disputed another 17 only on the ground State Farm had failed to present any admissible evidence to support its proposed undisputed fact (and asserting objections to the evidence submitted). Parkview Villas disputed the remaining seven proposed undisputed facts by restating its objections to the evidence submitted by State Farm in support of the facts and by citation to the declarations it had attached to its opposition memorandum, both in their entirety and by reference to specific paragraphs.

With respect to State Farm's undisputed fact No. 10 (no structural damage to the condominium complex), Parkview Villas referred generally to six of the seven declarations it had submitted (excepting only the declaration from its insurance industry expert) but also cited specifically to paragraphs in the declarations from its general contractor/public adjustor (Watson) and its structural engineer (McCarthy) in which these witnesses opined the project had suffered structural damage as a result of the earthquake and in which Watson stated his opinion that Parkview Villas's loss for the Northridge earthquake "approximates 1.5 million dollars." With respect to State Farm's undisputed fact No. 7 (the Parkview Villas complex was inspected and the cost of repairs estimated by an experienced adjuster trained in the adjustment of earthquake losses), Parkview Villas cited to specific paragraphs in the Watson and McCarthy declarations including Watson's explanations of what he believed were serious deficiencies in the adjuster's estimates (for example, the estimates do not include an appropriate scope of repair and utilize unrealistic unit costs for the services and materials required).

Parkview Villas's response to State Farm's separate statement also included six of its own proposed undisputed material facts, each of which was

supported only by reference to the entirety of certain of the declarations Parkview Villas had submitted.[2] Parkview Villas also filed several hundred pages of documentary evidence with its opposition papers.

5. *State Farm's Reply in Support of Summary Judgment and Objection to Parkview Villas's Evidence*

Before State Farm's reply papers were due, the trial court continued the trial date to February 4, 2004 and set a new hearing date of December 3, 2003 for State Farm's motion for summary judgment. On November 26, 2003 State Farm filed a reply memorandum in support of its motion, primarily arguing Parkview Villas had failed in its opposition to provide any admissible evidence creating a triable issue of material fact as to its contract and tort claims. With respect to Parkview Villas's contention the true cost to repair the earthquake damage was approximately $1.5 million, State Farm asserted general contractor/public adjuster Greg Watson's cost estimate lacked an adequate evidentiary foundation. State Farm also argued Watson lacked the requisite experience to express an opinion on the reasonableness of State Farm's evaluation of the Parkview Villas loss and industry expert Masters's opinions regarding State Farm's handling of the claim fail to provide any factual basis for concluding it had acted in bad faith toward its insured. State Farm also filed 15 pages of written objections to specific portions of the declarations submitted by Parkview Villas with its opposition papers.

6. *The Hearing*

The hearing before the trial court on December 3, 2003 addressed not only State Farm's motion for summary judgment or in the alternative summary adjudication but also Parkview Villas's motion for summary adjudication on State Farm's duty to act in accordance with the implied covenant of good faith and fair dealing and to comply with 1993 Department of Insurance regulations.[3] As a result, argument proceeded with counsel for Parkview

---

[2] The six proposed undisputed material facts were "30. State Farm's adjustment of Plaintiff's claim in 1994 was unreasonable." "31. State Farm has not complied with industry practices or the standard of care in the industry relative to its adjustment of Plaintiff's claim." "32. State Farm['s] adjustment of Plaintiff's claim was in bad faith and did not comply with the 1993 Department of Insurance Regulations, Insurance Code § 790.03 and the implied covenant of good faith and fair dealing." "33. Plaintiff's claim was never closed." "34. CCP § 340.9 requires State Farm to comply with the 1993 Department of Insurance Regulations and the implied covenant of good faith and fair dealing, which was not done in this case." "35. State Farm's reliance on Exponent/Osteraas/Shusto [State Farm's structural engineering expert] is not reasonable."

[3] Parkview Villas's motion for summary adjudication was premised on its legal theory that Code of Civil Procedure section 340.9 does not simply revive certain Northridge earthquake claims otherwise barred by the statute of limitations but also imposes renewed duties on

Villas addressing the court first, followed by counsel for State Farm. In his initial argument counsel for Parkview Villas began by noting State Farm had paid his client only $16,000 although the estimated loss was at least $1.5 million. Counsel specifically referred to the Watson declaration that had been submitted in opposition to State Farm's motion and asserted, in response to State Farm's reply brief and written objections, that Watson's opinion was supported by a sufficient evidentiary foundation. Parkview Villas's counsel also argued State Farm's evidence was inadequate to establish it had used an experienced adjuster for the earthquake inspection and repair estimate.

Before counsel for State Farm began his argument, the court stated, "I'm going to assume, number one, that you are going to leave in my hands anything that deals with things that you might consider objectionable or anything that you have already objected to. I'm going to also assume that—or I want you to also assume that I have read and reviewed all of the paperwork on both motions." State Farm's counsel responded that he wanted "to make sure that I have complied with [Code of Civil Procedure section] 437 in terms of objections to the declarations," and the court assured him, "you have." Counsel then briefly addressed the merits of State Farm's motion, arguing Parkview Villas had presented no evidence State Farm breached the contract or acted unreasonably in adjusting the claim.

At the conclusion of a very brief reply argument, counsel for Parkview Villas indicated that he, like counsel for State Farm, did not want to waive any of his evidentiary objections. The court responded, "You didn't waive anything. I'm taking your objections on both sides under submission."

### 7. The Trial Court's Ruling on the Motion for Summary Judgment

On December 16, 2003 the trial court granted State Farm's motion: "1. Plaintiff cannot state a valid cause of action for breach of contract because State Farm paid Plaintiff's claim for damages. [¶] 2. Plaintiff cannot maintain a claim for bad faith against State Farm because of the reasonable dispute doctrine. [¶] 3. Since there are no material facts supporting Plaintiff's claim that State Farm's conduct was either malicious or fraudulent, there is no valid basis for a punitive damages claim."[4] As to the punitive damages claim the

carriers to advise their insureds of the revival of earthquake claims and to act in accordance with the covenant of good faith and fair dealing in evaluating or reevaluating those previously closed claims. The trial court denied Parkview Villas's motion on the ground it was not properly subject to summary adjudication. Parkview Villas does not challenge that ruling on appeal.

[4] In its December 16, 2003 order the trial court actually denied State Farm's motion for summary judgment because it failed to address Parkview Villas's third and fourth causes of action (for violation of Bus. & Prof. Code § 17200 et seq. against State Farm and for

court further noted that, because summary adjudication is proper as to Parkview Villas's bad faith cause of action, summary adjudication is also the proper disposition of its request for punitive damages.

In its written ruling, also filed on December 16, 2003, the court overruled Parkview Villas's "identical boilerplate objections to each undisputed fact and corresponding supporting evidence offered by State Farm." The court then found State Farm's undisputed facts, as supported by the evidence it had presented, satisfied its burden of making a prima facie showing that Parkview Villas could not establish essential elements of its contract and bad faith claims. Although the burden thus shifted to Parkview Villas to produce evidence creating triable issues of material fact, Parkview Villas had failed to properly present evidence to oppose State Farm's motion and had "offered no rebuttal, in that it failed to present any admissible evidence of the elements necessary for a prima facie showing" of breach of contract or bad faith. "[Parkview Villas's] Opposition is full of unsubstantiated allegations and denials, but is altogether lacking the support of admissible evidence that would create a triable issue requiring this Court to deny State Farm's Motion." The trial court, however, did not expressly sustain (or overrule) any of State Farm's written objections to Parkview Villas's evidence.

### 8. *Parkview Villas's Motion for Reconsideration*

Parkview Villas promptly moved for clarification of the court's December 16, 2003 order granting State Farm's motion for summary adjudication, for an order reconsidering and vacating that order and for an order granting relief pursuant to Code of Civil Procedure section 473.[5] This motion argued the trial court's wholesale rejection of the declarations submitted in Parkview Villas's opposition papers was unwarranted and asserted that those declarations contained admissible evidence demonstrating triable issues of material fact including the actual cost of repair for earthquake damage for which State Farm was responsible ($16,000 as paid or $1.5 million as estimated by Parkview Villas's expert) and whether State Farm had properly and adequately investigated Parkview Villas's claim.

---

professional negligence against the individual insurance agent who had obtained the condominium association policy) and granted State Farm's alternative motion for summary adjudication with respect to Parkview Villas's claims for breach of contract and for breach of the implied covenant of good faith and fair dealing, as well as its claim for punitive damages. In fact, in January 2003 the court had sustained without leave to amend State Farm's demurrer to Parkview Villas's third cause of action for unfair business practices as barred by the statute of limitations and had sustained with leave to amend its demurrer to the fourth cause of action for professional negligence, also on statute of limitations grounds. Although granted leave to amend this latter claim, Parkview Villas had never attempted to do so. State Farm reminded the court of these events in an ex parte application to dismiss the fourth cause of action for professional negligence, which the court granted on January 13, 2004.

[5] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

The court denied the motion in a ruling filed January 26, 2004, explaining that Parkview Villas had misunderstood the court's December 16, 2003 rulings: "Plaintiff misunderstands the ruling to mean that all of Plaintiff's evidence submitted in opposition to Defendant's motion was inadmissible. To the contrary, the court did not rule that these declarations were inadmissible. Rather, the lack of admissible evidence in opposition to the motion stems from Plaintiff's inadequate separate statement of undisputed material facts . . . . [¶] . . . [¶] [T]his court is not required to comb the 37 pages of declarations and hundreds of pages of attached documents to unearth evidence supporting plaintiff's position. 'All material facts *must* be set forth in the separate statement. "This is the Golden Rule of Summary Adjudication: If it is not set forth in the separate statement, *it does not exist*." ' [Citation.] Because it is not set forth in the separate statement, no triable issue of material [fact] exists here."

Judgment was entered in favor of State Farm and against Parkview Villas on February 6, 2004. Parkview Villas filed a timely notice of appeal.

## DISCUSSION

### 1. *Standard of Review*

■ We generally review a grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348 [1 Cal.Rptr.3d 32, 71 P.3d 296]; § 437c, subd. (c).) The trial court's decision to grant a motion for summary judgment because the opposing party failed to comply with the requirements for a separate statement, however, is reviewed for an abuse of discretion. (*San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 316 [125 Cal.Rptr.2d 499] (*San Diego Watercrafts*); *Frazee v. Seely* (2002) 95 Cal.App.4th 627, 635–636 [115 Cal.Rptr.2d 780]; *Blackman v. Burrows* (1987) 193 Cal.App.3d 889, 893 [238 Cal.Rptr. 642].)

■ In applying the abuse of discretion standard of review, it is not the role of the appellate court to substitute its own view as to the proper decision. (*Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, 99 [5 Cal.Rptr.2d 220].) The trial court's discretion, however, "is not unlimited and must be ' "exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." ' [Citations.]" (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713].) Moreover, we carefully examine a trial court order finally resolving a lawsuit without permitting the case to proceed to a trial on the merits. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980 [35

Cal.Rptr.2d 669, 884 P.2d 126]; see generally *People v. Ault* (2004) 33 Cal.4th 1250, 1266 [17 Cal.Rptr.3d 302, 95 P.3d 523] ["appellate review of trial court orders granting nonsuits, directed verdicts, or judgments notwithstanding the verdict—orders that finally terminate claims or lawsuits—is quite strict. All inferences and presumptions are against such orders"].)

### 2. *The Requirements for a Separate Statement of Undisputed Facts*

■ A party moving for summary judgment or summary adjudication must support the motion with "a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence." (§ 437c, subd. (b)(1) [motion for summary judgment]; see § 437c, subd. (f)(2) [motion for summary adjudication "shall proceed in all procedural respects as a motion for summary judgment"].) The party opposing the motion must file with the opposition papers "a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence." (§ 437c, subd. (b)(3).)[6] The summary judgment statute provides that, if either party fails to comply with the applicable separate statement requirement, that failure may in the court's discretion constitute a sufficient ground to decide the motion adversely to the offending party. (§ 437c, subd. (b)(1), (3).)

■ The separate statement requirement is further elaborated in California Rules of Court, rule 342(d), (f) and (h), which specifies both the content and format for the separate statement in support of the motion and the separate statement in opposition.[7] The moving party's statement must utilize a two-column format and state in the first column the undisputed facts and in the second column the evidence that establishes those undisputed facts. (Rule 342(d).) "Citation to the evidence in support of each material fact must include reference to the exhibit, title, page and line numbers." (Rule 342(d).) The opposing party's separate statement of undisputed material facts in opposition to the motion must also use a two-column format, repeating in the first column each material fact claimed by the moving party to be undisputed followed by the evidence advanced by the moving party to establish that fact and then in the second column, directly opposite the recitation of each of the

---

[6] Section 437c, subdivision (p)(2), additionally requires the party opposing summary judgment to "set forth the specific facts showing that a triable issue of material fact exists . . . ."

[7] References to a rule or rules are to the California Rules of Court.

moving party's undisputed facts, stating whether the fact is "disputed" or "undisputed." (Rule 342(f).) In addition, as to those facts that are disputed, the opposing party must state in the second column, "directly opposite the fact in dispute, the nature of the dispute and describe the evidence that supports the position that the fact is controverted. That evidence must be supported by citation to exhibit, title, page, and line numbers in the evidence submitted." (Rule 342(f).)

The requirement of a separate statement from the moving party and a responding statement from the party opposing summary judgment serves two functions: to give the parties notice of the material facts at issue in the motion and to permit the trial court to focus on whether those facts are truly undisputed. (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 31 [21 Cal.Rptr.2d 104].) As explained by Division One of this court in *United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 335 [282 Cal.Rptr. 368] (*United Community Church*), "Separate statements are required not to satisfy a sadistic urge to torment lawyers, but rather to afford due process to opposing parties and to permit trial courts to expeditiously review complex motions for . . . summary judgment to determine quickly and efficiently whether material facts are disputed."

3. *The Trial Court Abused Its Discretion in Granting State Farm's Motion Without Providing Parkview Villas an Opportunity to Correct the Deficiencies in Its Separate Statement*

Although Parkview Villas failed to comply fully with the requirements for a separate statement contained in section 437c and rule 342, its filing was not wholly deficient: Parkview Villas clearly indicated which of State Farm's proposed undisputed facts it contended were "disputed" and provided references to the supporting evidence upon which it relied, the only two essential elements for an opposing party's separate statement specified in section 437c, subdivision (b)(3). However, having set forth State Farm's proposed undisputed material facts and identified which of those facts it disputed, Parkview Villas failed to specify the nature of its dispute or to describe the evidence that supported its position, as required by rule 342(f). In addition, although for the most part referring to its evidence by title (that is, indicating whose declaration it was citing) and paragraph number,[8] Parkview Villas did not include page and line number citations, an additional requirement of rule 342(f), albeit a requirement State Farm neglected for the most part in its separate statement, as well.

---

[8] In the portion of its separate statement identifying six additional material facts it asserted were undisputed (five of which the trial court correctly characterized as legal conclusions), Parkview Villas cited to the full declarations of several of its various witnesses without specific paragraph references or page and line citations.

There is no doubt Parkview Villas's failure to comply with these requirements for a separate statement made the task of the trial court more difficult. (See *Susag v. City of Lake Forest* (2002) 94 Cal.App.4th 1401, 1415, fn. 6 [115 Cal.Rptr.2d 269] [discussing separate statement that did not set forth verbatim the moving party's undisputed facts and supporting evidence, did not state unequivocally whether those facts were disputed or undisputed and did not state the nature of the dispute or describe the evidence supporting its position that the facts were controverted].) And we do not question the right of a trial court to refuse to proceed with a summary judgment motion in the absence of an adequate separate statement from the opposing party. (See *Security Pacific Nat. Bank. v. Bradley, supra,* 4 Cal.App.4th at p. 93.) But the proper response in most instances, if the trial court is not prepared to address the merits of the motion in light of the deficient separate statement, is to give the opposing party an opportunity to file a proper separate statement rather than entering judgment against that party based on its procedural error. (*United Community Church, supra,* 231 Cal.App.3d at p. 335 ["The failure to file a responsive separate statement usually results in a continuance of the motion to permit the filing of proper papers and an award of fees and costs as a condition of the continuance for purposes of complying with the statute."]; see *Security Pacific Nat. Bank,* at pp. 94–95 [complexity of case explains why court did not decide summary judgment motion on the merits without a separate statement but does not explain why it was a sound exercise of discretion not to afford the opposing party an opportunity to supply one].)

In this case the deficiencies in Parkview Villas's separate statement—its failure to explicitly state the nature of the dispute concerning State Farm's proposed undisputed material facts and to describe the evidence supporting its position the facts were controverted—did not prevent State Farm from responding in its reply brief or at oral argument to Parkview Villas's position the condominium complex had suffered structural damage as a result of the Northridge earthquake; earthquake-related damages were at least $1.5 million, far in excess of the $215,000 calculated by State Farm; and State Farm had failed to assign an experienced adjuster to evaluate Parkview Villas's claim. To the contrary, State Farm demonstrated it knew exactly what Parkview Villas's position was in opposition to summary judgment and what evidence it relied upon to support its position that certain facts were controverted. Although State Farm challenged that evidence as inadmissible in its briefs and by written objections, at no time did State Farm argue that Parkview Villas's separate statement was inadequate or that its opposition declarations were not properly before the court. (See *San Diego Watercrafts, supra,* 102 Cal.App.4th at p. 316 [purpose of separate statement requirement is to provide opposing party with adequate notice of the facts needed to be disputed to defeat the motion]; *United Community Church, supra,* 231

Cal.App.3d at p. 335 [separate statement requirement addresses due process concern that adverse party be provided adequate notice and an opportunity to respond].)

For its part, the trial court advised the parties at oral argument it had "read and reviewed all of the paperwork" on State Farm's motion and did not indicate it considered Parkview Villas's separate statement deficient, let alone so inadequate as to preclude a ruling on the merits of the motion. Instead, the court entertained oral argument directed in large part to the sufficiency of the evidence presented to support or defeat summary judgment, rather than to procedural questions regarding the form of the papers submitted. In fact, by twice indicating during the hearing it would take State Farm's objections to Parkview Villas's evidence under submission, the court suggested it intended to decide the motion on its merits after ruling on the evidentiary issues presented.

It certainly would have been within the trial court's discretion to proceed to the merits of State Farm's motion, notwithstanding Parkview Villas's failure to comply fully with rule 342(f). The legal issues involved in Parkview Villas's claims for breach of contract and bad faith were relatively simple and the evidentiary material presented by Parkview Villas in opposition, notwithstanding its overall bulk, was not extensive, consisting primarily of specific paragraphs from the declarations of its two experts, Watson (the general contractor/public adjustor) and McCarthy (the structural engineer), that were cited in the separate statement. (See *San Diego Watercrafts, supra*, 102 Cal.App.4th at p. 316 [where consideration of evidence not contained in a separate statement presents no due process concerns, trial court has discretion to consider the evidence]; *Security Pacific Nat. Bank v. Bradley, supra*, 4 Cal.App.4th at pp. 93–94 [when a case involves simple issues with minimal evidentiary support, there is no due process impediment to considering the motion even in the absence of an accompanying separate statement]; see also *Fenn v. Sherriff* (2003) 109 Cal.App.4th 1466, 1481 [1 Cal.Rptr.3d 185] [Court of Appeal has "the same discretion as the trial court to consider evidence not referenced in the moving party's separate statement in determining whether summary judgment was proper"].)

Although the trial court thus had the discretion to decide the merits of the motion, it was not obligated to do so. At the time of the hearing on the motion, trial was still two months away. Rather than proceed to rule on the motion with an inadequate opposing separate statement, it was equally within the discretion of the trial court to continue the hearing, conditioned on a payment of an award of fees and costs imposed as a sanction against Parkview Villas, to permit Parkview Villas to prepare and file a proper separate statement and to allow State Farm to file a new reply memorandum. (§ 1024; see *United Community Church, supra*, 231 Cal.App.3d at p. 335.)

State Farm and its amici curiae[9] contend the trial court, faced with an opposing party's defective separate statement, also has the discretion to enter a judgment against the offending party solely as a result of that curable procedural defect, urging us to reaffirm the oft-cited "golden rule" of summary judgment and summary adjudication: "[*A*]*ll* material facts must be set forth in the separate statement. . . . '[I]f it is not set forth in the separate statement, *it does not exist.*' " (*United Community Church, supra,* 231 Cal.App.3d at p. 337, quoting Zebrowski, *The Summary Adjudication Pyramid* (Nov. 1989) 12 L.A. Law. 28, 29; see, e.g., *Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 640–641 [134 Cal.Rptr.2d 273]; *Massingill v. Department of Food & Agriculture* (2002) 102 Cal.App.4th 498, 511 [125 Cal.Rptr.2d 561]; *North Coast Business Park v. Nielsen Construction Co., supra,* 17 Cal.App.4th at pp. 30–31.)

Some courts of appeal do appear to have endorsed this approach to affirm trial court orders granting summary judgment. (See, e.g., *San Diego Watercrafts, supra,* 102 Cal.App.4th at p. 316 ["where evidence is not referenced, is hidden in voluminous papers, and is not called to the attention of the court at all, a summary judgment should not be reversed on grounds the court should have considered such evidence"].)[10] But most cases citing the so-called golden rule are readily distinguishable from the case at bar, either because they involve the failure of the *moving* party to file a proper separate statement or because the defect is the failure to identify the *disputed material fact*, rather than the evidence supporting it. As to the first point, although both moving and opposing parties are required by statute and rule to file separate statements, the trial court's exercise of the discretion authorized by section 437c to deny a motion for summary judgment, which simply means the case will proceed to trial, is more readily affirmed than a decision to grant the motion based on a curable procedural default, which deprives the opposing party of a decision on the merits. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479 [243 Cal.Rptr. 902, 749 P.2d 339] [appellate courts "are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is allowed to stand"]; *Rappleyea v. Campbell, supra,* 8 Cal.4th at p. 980 [public policy favors disposition of cases on their merits; any doubts must be resolved in favor of the party seeking relief from its procedural default].)

---

[9] Amici curiae briefs in support of State Farm were submitted by the Association of Southern California Defense Counsel and by 21st Century Insurance Company and American International Group, Inc.

[10] As amicus curiae Association of Southern California Defense Counsel explains in its well-researched brief, it is not possible to reconcile the various approaches (at least four) articulated by the courts of appeal when confronted with issues arising from a party's attempt to rely on evidence not cited in its separate statement to support or defeat summary judgment.

As to the second point, although sometimes apparently overlooked (see, e.g., *Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 115–116 [113 Cal.Rptr.2d 90]), the "it" in Justice Zebrowski's "golden rule," as quoted by our Division One colleagues in *United Community Church, supra,* 213 Cal.App.3d at page 337, is the undisputed material fact, which must appear in the separate statement or be disregarded, not the underlying evidence supporting the fact.[11] (See, e.g., *Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 929 [134 Cal.Rptr.2d 101] [moving party failed to identify employee status of treating physicians as undisputed fact in separate statement and therefore cannot argue that status in support of summary judgment]; *North Coast Business Park v. Nielsen Construction Co., supra,* 17 Cal.App.4th at pp. 30–31 [separate statement in opposition to summary judgment focused entirely on delayed discovery of defective drainage; failure to identify problem of defective "footing" precludes consideration of that theory even though supporting evidence referred to footing problem].) The corollary for an opposing party, unless it wishes to advance additional disputed or undisputed material facts, is that it clearly indicate which of the facts contained in the moving party's separate statement it disputes. (§ 437c, subd. (b)(3).) Each party also must supply a "reference to the supporting evidence" in its separate statement (§ 437c, subd. (b)(1), (3)), but the evidence itself is not part of either the statutory requirements for a separate statement or the "golden rule."

◼ Overly general references to supporting evidence, of course, may place an undue burden on busy trial courts (see, e.g., *Lewis v. County of Sacramento, supra,* 93 Cal.App.4th at p. 116) and need not be tolerated: Rule 342 requires the parties to include specific citations to the evidence in their separate statements; and the trial court can properly refuse to proceed if the moving party fails to support its proposed undisputed facts with specific references to the evidence (rule 342(d)) or the opposing party disputes facts proposed by the moving party but fails to explain the nature of the dispute or cite properly to evidence supporting its position the fact is controverted (rule 342(f)).[12] However, in the absence of extraordinary circumstances not present

---

[11] In his article *The Summary Judgment Pyramid, supra,* 12 L.A. Law. at pages 29–30, Justice Zebrowski described a pyramid constructed with the *issue* the moving party wants adjudicated at the top, supported by *undisputed facts,* the next level down, with admissible evidence supporting the facts at the base of the structure. It is the undisputed facts, not the supporting evidence, that must be listed in the separate statement in the Zebrowski model. (*Ibid.*; see *United Community Church, supra,* 213 Cal.App.3d at p. 333.)

[12] The absence of even a general reference to the evidence supporting the opposing party's claim that a proposed material fact is disputed is quite different from the failure of an opposing party to comply with the specific citation requirements of rule 342. (See, e.g., *Thrifty Oil Co. v. Superior Court* (2001) 91 Cal.App.4th 1070, 1075, fn. 4 [1078, 111 Cal.Rptr.2d 253] [noting opposing party's separate statement did not refer to expert declaration attached to opposition papers, let alone cite to specific portions of declaration, but nonetheless considering on the

here, a trial court faced with an opposing party's defective separate statement plainly indicating which proposed material facts are disputed and including at least general references to the evidence supporting its position does not have the discretion to enter a judgment against that party solely as a result of that party's failure to explain the nature of the dispute and to provide sufficiently specific citations to the evidence supporting its position. (See *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152, 1161 [57 Cal.Rptr.2d 200] [reversing as abuse of discretion order granting summary judgment based on opposing party's failure to file written opposition]; *Security Pacific Nat. Bank v. Bradley, supra,* 4 Cal.App.4th at pp. 97–99 [reversing summary judgment based on opposing party's failure to file separate statement].)

■ In *Security Pacific Nat. Bank v. Bradley, supra,* 4 Cal.App.4th 89, this court reversed a trial court order granting summary judgment for the plaintiff based on the defendant's failure to file a separate statement. (*Id.* at p. 92.) In concluding the trial court had abused its discretion we explained, "[G]ranting a motion for summary judgment based on a procedural error by the opposing party is equivalent to a sanction terminating the action in favor of the other party. Accordingly, the propriety of the court's order should be judged by the standards applicable to terminating sanctions." (*Id.* at p. 97.) Reviewing the relevant authority, we then held, "Terminating sanctions have been held to be an abuse of discretion unless the party's violation of the procedural rule was willful [citations] or, if not willful, at least preceded by a history of abuse of pretrial procedures, or a showing less severe sanctions would not produce compliance with the procedural rule. [Citations.]" (*Id.* at p. 98, fn. omitted.)

■ In *Kalivas v. Barry Controls Corp., supra,* 49 Cal.App.4th 1152, Division Three of this court followed our decision in *Security Pacific Nat. Bank v. Bradley, supra,* 4 Cal.App.4th 89, and reversed a trial court order granting a summary judgment motion because the party opposing the motion, having been misled by an unauthorized local courtroom rule, had filed no written opposition papers. (*Kalivas,* at pp. 1161–1162.) " 'Sanctions which have the effect of granting judgment to the other party on purely procedural grounds are disfavored. [Citations.]' " (*Ibid.*) As we had in *Security Pacific Nat. Bank v. Bradley, supra,* 4 Cal.App.4th 89, Division Three in *Kalivas* emphasized the procedure error was a "curable defect" from which the party moving for summary judgment suffered no prejudice. (*Kalivas,* at p. 1162; see *Security Pacific Nat. Bank,* at p. 98.) And in *Kalivas,* as in *Security Pacific Nat. Bank,* there had been no showing that the party opposing summary judgment had previously violated any pretrial rules or engaged in any dilatory conduct. (*Kalivas,* at p. 1162; see *Security Pacific Nat. Bank,* at pp. 98–99.) ■ Accordingly, the *Kalivas* court concluded, as we had in

merits whether "expert's musings" created a triable issue of material fact]; *Susag v. City of Lake Forest, supra,* 94 Cal.App.4th at p. 1415, fn. 6.)

*Security Pacific Nat. Bank*, the trial court's order was an abuse of discretion: "An order based upon a curable procedural defect (such as the failure to file a separate statement), which effectively results in a judgment against a party, is an abuse of discretion." (*Kalivas*, at p. 1161.)

The principles articulated in *Security Pacific Nat. Bank v. Bradley, supra,* 4 Cal.App.4th 89 and *Kalivas v. Barry Controls Corp., supra,* 49 Cal.App.4th 1152, govern this case. Parkview Villas's failure to file an adequate separate statement that met all the requirements of rule 342—and specifically its failure to explain the nature of the dispute and to provide page and line citations to the evidence supporting its position that the material facts advanced by State Farm were controverted—was a curable defect from which State Farm suffered no prejudice, other than the expense that would be incurred in preparing a further reply brief and appearing at an additional hearing. Furthermore, there was no showing Parkview Villas had previously violated any pretrial rules or engaged in any dilatory conduct warranting imposition of a terminating sanction.

The trial court's dissatisfaction with Parkview Villas's failure to file a proper separate statement is understandable, particularly in light of the extended period of time now available to the party opposing a summary judgment motion. (See § 437c, subds. (a), (b)(2) [notice of summary judgment motion must be served at least 75 days before the time of hearing; opposition to the motion must be filed and served no later than 14 days preceding the noticed or continued hearing date].) Appropriate, limited sanctions for that procedural error are proper; "terminating sanctions" are not. (*Security Pacific Nat. Bank v. Bradley, supra,* 4 Cal.App.4th at p. 99 ["[U]nless the trial court has reason to believe no responsive statement would be filed even if the respondent was afforded a reasonable opportunity to file one, the respondent should be afforded that opportunity rather than suffer a judgment not supported by a decision on the merits. [Citation.]"])

4. *Remand Is Necessary to Permit the Trial Court to Rule on State Farm's Evidentiary Objections and the Merits of State Farm's Motion*

Parkview Villas contends the evidence submitted with its opposition papers created triable issues of fact sufficient to defeat summary judgment with respect to both its breach of contract and its bad faith causes of action. State Farm, on the other hand, asserts that, even if we conclude the trial court abused its discretion in granting summary judgment based on Parkview Villas's submission of a defective separate statement, its written objections to Parkview Villas's evidence were well-founded and should have been sustained by the trial court, leaving Parkview Villas without admissible evidence

creating a triable issue of fact as to either claim. Accordingly, State Farm urges that we affirm the order granting summary judgment on the merits. Alternatively, State Farm requests we remand the matter to the trial court with specific directions that it rule on the unresolved evidentiary objections and then decide the merits of its motion on the existing record.

As a general rule, on appeal from an order granting summary judgment the reviewing court may consider any objected-to evidence in the absence of a ruling by the trial court. (*Sharon P. v. Arman, Ltd.* (1999) 21 Cal.4th 1181, 1186–1187, fn. 1 [91 Cal.Rptr.2d 35, 989 P.2d 121], disapproved on other grounds by *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853, fn. 19 [107 Cal.Rptr.2d 841, 24 P.3d 493]; *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 670, fn. 1 [25 Cal.Rptr.2d 137, 863 P.2d 207]; *Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 655 [24 Cal.Rptr.3d 619].) Nonetheless, an exception exists to this rule of waiver of evidentiary objections when the objecting party has not only filed written objections but also expressly asked the court to rule on the objections at the hearing and it appears futile to make a further request. (*City of Long Beach v. Farmers & Merchants Bank* (2000) 81 Cal.App.4th 780, 784–785 [97 Cal.Rptr.2d 140] [evidentiary objections are preserved for review when it would be fruitless or an idle act for an attorney to act further]; *Swat-Fame, Inc. v. Goldstein* (2002) 101 Cal.App.4th 613, 624, fn. 7 [124 Cal.Rptr.2d 556] [only exception to rule of waiver is when counsel specifically requests a ruling on evidentiary objections and the trial court nonetheless declines to rule], disapproved on another ground in *Zamos v. Stroud* (2004) 32 Cal.4th 958, 973 [12 Cal.Rptr.3d 54, 87 P.3d 802].) As discussed above, State Farm did just that: It filed written objections; at the beginning of its oral argument at the hearing on the motion, it specifically reminded the court of its objections and its desire for a ruling; and it received two separate assurances that the trial court had taken its objections (as well as those asserted by Parkview Villas) under submission. State Farm was not required to do more to preserve its objections.

It is, of course, the trial court's responsibility to rule on State Farm's objections in the first instance. (*Vineyard Springs Estates v. Superior Court* (2004) 120 Cal.App.4th 633, 642 [15 Cal.Rptr.3d 587] ["when evidentiary objections are in a proper form, a trial court must rule on the objections"]; *City of Long Beach v. Farmers & Merchants Bank, supra*, 81 Cal.App.4th at p. 784 ["Trial courts have a duty to rule on evidentiary objections. Part of the judicial function in assessing the merits of a summary judgment or adjudication motion involves a determination as to what evidence is admissible and that which is not."].) Those rulings "can involve a number of considerations more suited to the trial court than the appellate courts, including an exercise of discretion in establishing the record to be reviewed de novo." (*Sambrano v. City of San Diego* (2001) 94 Cal.App.4th 225, 236 [114 Cal.Rptr.2d 151]; see

*Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158, 1169 [121 Cal.Rptr.2d 79] [evidentiary rulings made on summary judgment are reviewed for abuse of discretion].) We leave to the discretion of the trial court on remand whether to require Parkview Villas to prepare and file a corrected separate statement and to give State Farm an opportunity to submit a further reply in support of its motion or to proceed immediately to rule on State Farm's evidentiary objections and the merits of the motion based on the existing record.

## DISPOSITION

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. Each party is to bear its own costs on appeal.

Johnson, J., and Woods, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 18, 2006, S139632. Chin, J., did not participate therein. Baxter, J., and Moreno, J., were of the opinion that the petition should be granted.