Filed 4/4/25 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MELISSA MANDELL-BROWN,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>NOVO NORDISK, INC. et al.,<br><br>　　　　Defendants and Respondents. | B326147<br><br>(Los Angeles County Super. Ct. No. 20STCV14662)<br><br>**ORDER MODIFYING OPINION**<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on March 6, 2025, is modified as follows:

On page 8, line 7, delete "deny" and replace with "grant".

There is no change in the judgment.

_____

BAKER, Acting P. J.　　　　MOOR, J.　　　　KIM (D.), J.

Filed 3/6/25 (unmodified version)
CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


MELISSA MANDELL-
BROWN,

     Plaintiff and Appellant,

     v.

NOVO NORDISK INC. et al.,

     Defendants and
Respondents.

B326147

(Los Angeles County
Super. Ct. No.
20STCV14662)


     APPEAL from judgments of the Superior Court of the County of Los Angeles, Daniel S. Murphy, Judge.  Affirmed.

     Gary Rand & Suzanne E. Rand-Lewis and Suzanne E. Rand-Lewis, for Plaintiff and Appellant.

     Morgan, Lewis & Bockius, Max Fischer, George S. Benjamin, and Thomas M. Peterson, for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff Melissa Mandell-Brown appeals from the summary judgment entered on her FEHA[1] and other employment claims after she did not file an opposition to the underlying motion. She contends, among other things, that the trial court erroneously granted the motion without first deciding whether defendants[2] had met their initial burden on the motion.

Because the trial court did not abuse its discretion under Code of Civil Procedure section 437c (section 437c), subdivision (b)(3) by granting the motion based on plaintiff's failure to file the requisite separate statement, we affirm.

# II. BACKGROUND

## A. *Summary Judgment Motion*

On April 15, 2020, plaintiff filed a complaint against defendants asserting 16 causes of action, including statutory claims for discrimination, sexual harassment, and retaliation under FEHA and the Labor Code and common law claims for breach of contract, wrongful termination, and intentional infliction of emotional distress.

On May 18, 2022, defendants filed their motion for summary judgment or, in the alternative, summary adjudication.

---

[1]     FEHA is an acronym for the Fair Employment and Housing Act, Government Code section 12900 et seq.

[2]     Defendants are Novo Nordisk, Inc. (Nordisk) and Zamaneh Zamanian (Zamanian).

Defendants argued that none of plaintiff's causes of action survived summary judgment. The supporting separate statement included 161 undisputed facts. Defendants also submitted an attorney declaration authenticating 25 discovery exhibits and six witness declarations authenticating another 51 exhibits and containing detailed explanations of the non-discriminatory and non-retaliatory reasons for the elimination of plaintiff's job position. The notice of motion set the hearing date for August 3, 2022, with a trial date then pending for October 4, 2022.

Two days before the hearing on the motion, on August 1, 2022, plaintiff, who had not filed an opposition to the motion, applied ex parte to continue the hearing. The trial court granted the application, setting the hearing for September 16, 2022, and continuing the trial date to November 8, 2022.

On September 14, 2022, plaintiff, who still had not filed her opposition, again applied ex parte to continue the hearing, and the trial court granted the application, setting the continued date for October 14, 2022, and continuing the trial until December 6, 2022.

B.    *Ruling on Motion*

At the October 14, 2022, continued hearing on the motion, plaintiff did not file an opposition or separate statement, request a third continuance, or appear at the hearing. The trial court stated, "[T]he minute order is going to reflect, I received no opposition. So, based upon no opposition, plaintiff is conceding that the motion should be granted." The court added that it had

3

reviewed defendants' motion and asked defense counsel to submit a written order on the motion.

That same day, the trial court issued a minute order granting defendants' motion, and entered a written order finding "there are no genuine issues as to any material facts alleged in [p]laintiff's [c]omplaint;" and, alternatively, "[a]s a matter of law, [p]laintiff cannot prove the elements of [each of her causes of action]." The court then incorporated the order into two separate judgments.

On December 30, 2022, plaintiff timely filed a notice of appeal from the judgments.

## III.   DISCUSSION

A.   *Standard of Review*

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. ([ ]§ 437c, subd. (c).)" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.) We generally review a trial court's granting of summary judgment de novo, "considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.]" (*Ibid*.) "The trial court's decision to grant a motion for summary judgment because the opposing party failed to comply with the requirements for a separate statement, however, is reviewed for an abuse of discretion." (*Parkview Villas Assn., Inc. v. State Farm Fire &*

4

*Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208 (*Parkview Villas*).)

B.      *Section 437c and the Requirements for Separate Statements*

Section 437c sets forth the requirements both for making and opposing a motion for summary judgment or adjudication. Subdivision (b)(1) sets forth the requirements for making a motion for summary judgment or adjudication, including the requirement of a separate statement of undisputed facts and the advisement that "failure to comply with this requirement of a separate statement may in the court's discretion constitute a sufficient ground for denying the motion."

The requirements for opposing a motion for summary judgment or adjudication are set forth in section 437c, subdivision (b)(3), which provides that:  "The opposition papers shall include a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating if the opposing party agrees or disagrees that those facts are undisputed.  The statement also shall set forth plainly and concisely any other material facts the opposing party contends are disputed.  Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.  Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion."

"The requirement of a separate statement from the moving party and a responding statement from the party opposing summary judgment serves two functions:  to give the parties notice of the material facts at issue in the motion and to permit

the trial court to focus on whether those facts are truly undisputed. (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 31 [(*North Coast*)].) As explained . . . in *United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 335 . . . , '[s]eparate statements are required not to satisfy a sadistic urge to torment lawyers, but rather to afford due process to opposing parties and to permit trial courts to expeditiously review complex motions for . . . summary judgment to determine quickly and efficiently whether material facts are disputed.'" (*Parkview Villas, supra*, 133 Cal.App.4th at p. 1210.)[3]

Separate statements are "required, not discretionary, on the part of each party, and the statutory language makes the failure to comply with this requirement sufficient grounds to

_____

[3] "As Witkin describes it, opposition to a summary judgment 'must contain a separate statement that (1) indicates whether the opposing party agrees or disagrees with the moving party's assertion that specific material facts are undisputed [citation], (2) sets forth plainly and concisely any other material facts that the opposing party contends are disputed, and (3) refers to the supporting evidence for each contention (. . . [§] 437c[, subd.] (b)(3).' (6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 218, p. 657.) The proper format for the separate statement is illustrated at California Rules of Court, rule 3.1350(f). And the Witkin passage concludes—just as the summary judgment statute expressly provides—this way: 'Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion.' ([ ]§ 437c, subd. (b)(3); see *Oldcastle Precast, Inc. v. Lumbermens Mutual Casualty Co.* (2009) 170 Cal.App.4th 554, 568; *Batarse v. Service Employees Internat. Union, Local 1000* (2012) 209 Cal.App.4th 820, 831–833 [(*Batarse*)].)" (*Rush v. White Corp.* (2017) 13 Cal.App.5th 1086, 1097.)

grant the motion." (*Whitehead v. Habig* (2008) 163 Cal.App.4th 896, 902.)

"When the opposing party fails to file a separate responsive statement the trial court is presented with two choices. It can grant the motion for summary judgment based on the absence of the separate statement or it can continue the motion or otherwise permit the filing of a proper separate statement. [Citations.] Whichever choice the court makes must be based on the circumstances before the court. 'A trial court's exercise of discretion will be upheld if it is based on a "reasoned judgment" and complies with the ". . . legal principles and policies appropriate to the particular matter at issue."' [Citation.]" (*Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, 94 (*Security Pacific*).)

C.      *Analysis*

Plaintiff contends the trial court erred when it granted summary judgment because, in plaintiff's view, "[e]ven absent any opposition by [plaintiff], the [t]rial [c]ourt was required to review the evidence and make a determination as to whether [defendants] had met their burden of proof." Even assuming, for purposes of this opinion, that the court granted the motion based solely on the absence of an opposition, without reviewing the supporting evidence in light of the elements of the specific claims asserted, we reject plaintiff's contention. (See *North Coast, supra*, 17 Cal.App.4th at pp. 31–32 [rejecting party's argument "that its failure to comply with the required separate statement [was] irrelevant because it was [moving party's] burden to show summary judgment was appropriate"].) Section 437c, subdivision

7

(b)(3) expressly vests trial courts with discretion to grant motions for summary judgment on the ground that the party opposing summary judgment has failed to submit a separate statement. Thus, if a plaintiff opposing summary judgment fails to file a separate statement, and the trial court reviews the moving papers and concludes the motion is not deficient on its face, it has discretion under subdivision (b)(3) to deny the motion, without first undertaking a detailed analysis of the supporting evidence to determine if a prima facie showing has been made as to one or more of the elements of each claim.[4]

This was not a case involving "a single, simple issue with minimal evidentiary support" such that the trial court may have had an obligation to "consider the merits unaccompanied by a separate statement." (*Security Pacific, supra*, 4 Cal.App.4th at p. 94.) To the contrary, plaintiff's complaint asserted 16 causes of action, including FEHA claims for religious and disability discrimination, sexual harassment, retaliation, failure to accommodate, failure to engage in an interactive process, and violation of the whistleblower protections of Labor Code section 1102.5. And, in their motion and separate statement, defendants

---

[4] We therefore disagree with court of appeal decisions such as *Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, to the extent they mandate that a trial court conduct a prima facie review of the moving party's evidence despite the absence of an opposing separate statement. (*Id.* at p. 1086.) Further, because the trial court here was considering a defense motion for summary judgment, our conclusion concerning the court's discretion under section 437c, subdivision (b)(3) is limited to such motions. We express no opinion as to the scope of a trial court's discretion under subdivision (b)(3) when considering a plaintiff's motion for affirmative relief under section 437c.

8

addressed one or more elements of each claim supported by testimonial and documentary evidence. Given the complexity of the motion, the trial court here was entitled to the benefit of an opposing separate statement, as required under the statute, to aid in its analysis of the multiple causes of action and their elements.

Further, the trial court here granted plaintiff two continuances to file her opposition, which required two continuances of the trial date. Notwithstanding the additional time the court afforded her to file opposition papers, plaintiff failed to submit points and authorities addressing defendants' evidence as it related to the elements of her claims, any declarations presenting disputed factual issues, or a separate statement to assist the court in parsing which of the 161 facts asserted and supported by defendants' evidence she disputed. Nor did plaintiff or counsel appear at the continued hearing, make any effort to excuse her failure to comply with the requirements of section 437c, or request another continuance to allow her to comply. (Compare *Parkview Villas, supra*, 133 Cal.App.4th at p. 1210 [where the party opposing summary judgment filed an inadequate, but not "wholly deficient," separate statement, trial court abused its discretion in granting summary judgment rather than allowing the party an opportunity to cure the defect].)

Under these circumstances, we conclude the trial court did not abuse its discretion in granting the motion pursuant to section 437c, subdivision (b)(3).

9

## IV.   DISPOSITION

The judgments are affirmed.  No costs are awarded on appeal pursuant to Government Code section 12965, subdivision (c)(6).

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

10