[No. C049314. Third Dist. Feb. 1, 2006.]

LOIS M. BAREFIELD, Plaintiff and Appellant, v.
WASHINGTON MUTUAL BANK, Defendant and Respondent.

## COUNSEL

Lois Barefield, in pro. per., for Plaintiff and Appellant.

Stevens & O'Connell and Kimberly Sayers-Fay for Defendant and Respondent.

## OPINION

**RAYE, J.**—Plaintiff Lois M. Barefield appeals pro se from entry of judgment following the grant of summary judgment to defendant Washington Mutual Bank. On appeal, plaintiff raises various contentions arising from her belief that defendant's notice of its motion for summary judgment was untimely served.[1] We shall affirm the judgment.

### FACTS AND PROCEDURAL BACKGROUND

On March 14, 2003, plaintiff filed a complaint against defendant for fraud, slander, and "intentional tort," alleging defendant "illegally removed" Social Security income from her checking account and then "slandered [her] name" by reporting her subsequent account overdrafts to third parties.

On December 22, 2003, an arbitrator denied plaintiff's claims, finding defendant's conduct "proper" in paying the Internal Revenue Service money from plaintiff's account based on a levy on the account because of unpaid taxes.

---

[1] Specifically, plaintiff contends: (1) "The trial court erred as a matter of law and abused its power [and] discretion, by not addressing if plaintiff was timely served"; (2) "The trial court abused its discretion by shortening the period for notice on [the] summary judgment motion"; (3) "The untimely notice of the motion for summary judgment is invalid by statute and the courts' [sic] ruling is barred"; and (4) "The trial court does not have authority to shorten the minimum period for hearing a motion for summary judgment in absence of the parties['] consent."

On December 29, 2003, plaintiff requested trial de novo.

On November 1, 2004, the court set a trial date of February 14, 2005.

On November 4, 2004, defendant filed its motion for summary judgment to be heard on January 20, 2005. The same day, defendant deposited a copy of the motion with Federal Express for overnight delivery to plaintiff. Federal Express made unsuccessful attempts to deliver the copy of the motion to plaintiff on November 5, November 8, November 9, and November 10. On November 17, Federal Express returned the copy of the motion to defendant.

On November 5, 2004, defendant's counsel left a copy of the motion on plaintiff's doorstep.

On November 22, 2004, defendant deposited another copy of the motion for overnight delivery to plaintiff.

Also on November 22, 2004, defendant filed a motion to continue trial so its motion for summary judgment could be heard. On December 6, 2004, plaintiff filed her opposition to the motion to continue trial. On December 17, 2004, the court ruled "that given the age of the case, defendant should have had ample time to file a summary judgment motion prior to the date that trial was set. As there was no summary judgment motion on file at trial setting, it was appropriate for the court to set the trial consistent with the time frames applicable to that trial setting calendar. The filing of a motion after a trial is set, does not constitute good cause to continue that trial to a date which would allow the motion to be heard."

On December 22, 2004, defendant filed an ex parte application to allow the summary judgment motion to be heard less than 30 days before trial or, alternatively, to shorten the time in which the summary judgment motion was to be heard. Defendant argued such relief was necessary because defense counsel had been on maternity leave and plaintiff would suffer no prejudice because she "is avowedly ready to go to trial right now."

Plaintiff filed an opposition to the application, arguing defendant had not shown good cause for the delay.

On December 22, 2004, the court granted the application, finding good cause for the delay and no prejudice to plaintiff.

The court noted that the 75-day notice requirement could not be "unilaterally decreased," and therefore plaintiff could challenge the service of the motion for summary judgment "as part of her opposition to the motion."[2]

On January 5, 2005, plaintiff filed her opposition to the motion for summary judgment, contending she was served with the motion on November 23, 2004, only 57 days before the January 20, 2005, hearing. She argued that the summary judgment motion was sent back to defendant's counsel by Federal Express "so it could never have been served and received by the plaintiff on November 4, 2004 as the defendant's counsel alleges."

On January 20, 2005, the court granted the motion for summary judgment, finding plaintiff's causes of action "ha[d] no merit." It also ruled, "Upon review of the evidence, . . . Plaintiff was properly served; service is complete at the time of the deposit. C.C.P. Section 1013(c)."

On February 25, 2005, the court entered judgment in favor of defendant.

## DISCUSSION

Plaintiff contends defendant served her with the motion for summary judgment on November 23, 2004, giving her only 57 days of notice instead of the 75 days required by Code of Civil Procedure section 437c.[3] Defendant argues it served plaintiff on November 4, 2004, the day it initially deposited the motion with Federal Express, which effectuated service 77 days before the motion was scheduled to be heard. In reply, plaintiff contends service on November 4, 2004, was not timely because it amounted to only 73 days of notice.

Section 437c, subdivision (a) provides, in pertinent part: "Notice of the motion [for summary judgment] and supporting papers shall be served on all other parties to the action at least 75 days before the time appointed for hearing. However, . . . if the notice is served by facsimile transmission, Express Mail, or another method of delivery providing for overnight delivery, the required 75-day period of notice shall be increased by two court days. The motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise. The filing of the motion shall not extend the time within which a party must otherwise file a responsive pleading."

■ Section 1013, subdivision (c) states that service is complete at the time of deposit with an overnight carrier. It is not disputed that this occurred on

---

[2] Plaintiff's notice of appeal does not cover this ruling.

[3] All further statutory references are to the Code of Civil Procedure.

November 4, 2004. ■ The question remains, however, whether service on November 4, 2004, was sufficient to comply with "the required 75-day period of notice [that] shall be increased by two court days." (§ 437c, subd. (a).) Adding the two court days at the end of the 75-day period, defendant contends the notice was sufficient. Adding the two court days at the beginning, plaintiff contends the notice was insufficient.

A commonsense reading of section 437c, subdivision (a) supports defendant's calculation. Increasing a 75-day period by two court days implies the addition occurs at the end of the 75-day period instead of at the beginning. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2005) ¶ 10:77, p. 10-30 ["It is unclear whether the court days are tacked on at the beginning or end of the 75-day period. But the probable interpretation is to add the 'court days' at the end . . . so that if the 75th day falls on a Friday, the motion should be noticed for no sooner than Tuesday"].)

Applying this rule, the 75th day after defendant's service of the summary judgment motion on Thursday, November 4, 2004, was Tuesday, January 18, 2005. Adding two court days makes the 77th day Thursday, January 20, 2005, which was the day scheduled for the motion to be heard. Defendant's motion, therefore, was timely served and there was no error in the trial court's ruling.

## DISPOSITION

The judgment is affirmed. Defendant shall recover its costs on appeal. (Cal. Rules of Court, rule 27(a)(1).)

Nicholson, Acting P. J., and Robie, J., concurred.