Filed 4/15/13  Washington v. Contra Costa County Housing Authority CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LEO WASHINGTON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CONTRA COSTA COUNTY<br>HOUSING AUTHORITY et al.,<br><br>    Defendants and Respondents. | A135797<br><br>(Contra Costa County<br>Super. Ct. No. CIVMSC10-00034) |

Plaintiff Leo Washington, who has represented himself throughout this case, appeals from a summary judgment entered in favor of defendants Contra Costa County Housing Authority (Housing Authority) and Ingrid S. Layne (collectively, "defendants"). (Code Civ. Proc., § 437c.)[1]  Washington contends the judgment must be reversed because defendants' separate statement of undisputed material facts was procedurally defective in several respects; the court considered evidence that was not properly before it; the summary judgment motion was not served in a timely fashion; and the summary judgment motion was based in part on Washington's testimony at his deposition, at which he claims he was under the influence of psychiatric medication.  Washington also argues that the court should have allowed him to amend his complaint to include additional facts and causes of action on behalf of his girlfriend, Sonja Colbert, and that the court should

---

[1]  Statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

not have unilaterally amended the judgment to include defendant Layne in the award of costs. We reject these claims.

BACKGROUND

Washington worked as a maintenance employee for the Housing Authority. Layne also worked for the Housing Authority as a Section 8 Manager. Beginning in 2007, Layne hired Washington to renovate her home and paid him with cash and personal checks. On September 29, 2009, Layne gave birth to plaintiff's son.

On December 29, 2009, Washington visited the California Department of Fair Employment and Housing (DFEH) and completed a pre-complaint questionnaire alleging employment discrimination. He stated during his interview with DFEH that he had consensual sex with Layne on two occasions and wanted a paternity test to establish whether he was her baby's father. On January 7, 2010, DFEH sent Washington a letter stating that his allegations were insufficient to support further action.

On January 6, 2010, Washington filed a civil complaint against the Housing Authority and Layne. On January 3, 2011, he brought a motion to file a third amended complaint that would name his girlfriend Sonja Colbert as a plaintiff and add claims that Colbert had against Layne and the Housing Authority. These new claims were based on allegations that Layne had used confidential financial information about Colbert, a Section 8 landlord and vendor of the Housing Authority, for the purpose of assessing Washington's child support obligations. Colbert's claims against the Housing Authority were based on the theory that it had been negligent in its supervision of Layne, and that Layne's unauthorized use of Colbert's confidential financial information was a breach of the agreement between Colbert and the Housing Authority. These claims by Colbert had been asserted in a separate lawsuit already filed by Colbert.

The trial court denied the motion to amend the complaint. In its written ruling, the court noted that another judge had tentatively denied a motion to consolidate Colbert's case with Washington's. The court concluded, "Washington's claims are different than Colbert's claims and the cases should not be consolidated. Colbert's claims are limited to

2

the aftermath of the alleged events between Washington and Layne. Colbert's case is not contingent on common facts or issues of law in the Washington case. The cases are procedurally, legally and factually different. The court further finds that consolidation would prejudice defendants and would cause undue jury confusion. [Citations.]."

After the motion to amend was denied, Washington filed a third amended complaint asserting the following claims as to himself alone: (1) first cause of action: hostile work environment and violation of the Fair Employment and Housing Act (FEHA); (2) second cause of action: sexual harassment and violation of FEHA; (3) third cause of action: quid pro quo sexual harassment; (4) fourth cause of action: sexual battery; (5) fifth cause of action: false imprisonment; (6) sixth cause of action: intentional infliction of emotional distress; (7) seventh cause of action: negligent infliction of emotional distress; (8) eighth cause of action: invasion of privacy; (9) ninth cause of action: negligence; (10) tenth cause of action: invasion of privacy based on a violation of Penal Code section 630 et seq.; (11) eleventh cause of action: breach of contract. The second cause of action for sexual harassment was dismissed by the court.[2]

On December 30, 2011, defendants filed a motion for summary judgment, or, in the alternative, for summary adjudication of issues pertaining to each of the remaining causes of action. The motion argued that Washington's claims were barred due to affirmative defenses such as the statute of limitations, the failure to exhaust administrative remedies, statutory governmental immunity, and the exclusivity of workers' compensation as a remedy. The motion also argued that certain causes of action were lacking in merit due to the lack of evidence supporting them. Included in defendant's paperwork were a notice of motion, points and authorities, a separate statement of undisputed material facts, an index of supporting evidence, a request for judicial notice, and a proposed order. The proof of service indicates that these documents were served on Washington via Federal Express on December 30, 2011. The hearing date for the motion was March 23, 2012.

---

[2] The details of that dismissal do not appear in the Appellant's Appendix but are not at issue in this appeal.

Washington filed opposition papers on March 7, 2012, challenging the summary judgment motion exclusively on procedural grounds. Among other things, he argued that defendant's separate statement of undisputed material facts was defective, and claimed that he had not received a copy of the motion until February 15, 2012, which gave him less notice than required by statute. (See § 437c, subd. (a) [requiring 77 days notice for summary judgment motion when served by overnight delivery].) Washington also complained that the motion relied on testimony from his deposition, at which he had been under the influence of psychiatric medication. In their reply papers, defendants presented evidence that defendants had deposited the summary judgment papers with Federal Express on December 30, 2011, for overnight delivery, and had received confirmation that the package was delivered on December 31, 2011.

The trial court issued a tentative ruling granting summary judgment. During the hearing on the motion, a lawyer appearing "on a limited scope" for Washington made clear that the opposition to the motion was based solely on procedural grounds: "We're not arguing the merits. There's plenty of objections to this on the merits. We believe Mr. Washington can defeat everything on the merits. But he is not dealing with the merits here because procedure has been violated, okay."

After hearing argument, the trial court indicated that its tentative ruling would stand. It issued a written order setting forth the basis for its ruling: "Plaintiff has conceded Summary Adjudication Issues 1 through 6 and the supporting evidence on which they rely, Facts 1 through 46. Thus, no triable issues of fact exist and Defendants are entitled to judgment as a matter of law, unless the procedural issues raised by Plaintiff necessitate a different outcome.[3] They do not. [¶] As to the issue of service, the record shows that Washington was served. A proof of service is attached to Defendants' motion, showing that Washington was served by overnight Fed Ex delivery on December 30, 2011 at the address he shares with his girlfriend, Sonja Colbert. . . .

_____

[3] The issues presented for summary adjudication collectively addressed all of the causes of action, and their resolution in defendants' favor formed the basis for summary judgment on the entire complaint.

4

Defendants have further produced the Fed Ex confirmation that the summary judgment papers were delivered to Washington on December 31, 2011 . . . . The evidence to the contrary, primarily Colbert's declaration that no Fed Ex deliveries were made to her home between September 2011 and February 15, 2012, is not admitted as the court sustained Defendants' objection to that part of her declaration as lacking personal knowledge. [¶] As to whether Defendants can cite to Washington's deposition testimony in support of their motion, the court finds there is no problem here. Washington was deposed on June 16, 2011. There is no evidence he was not competent to testify. . . . [¶] Finally, as to the plethora of purported procedural problems with Defendants' motion, the court finds that they are either not real problems or are truly *de minimis*. . . . Defendants have fully briefed the issues and provided undisputed evidence to support them, including documents, discovery responses, deposition testimony and declarations." The court also sustained several of defendants' objections to Washington's evidence and overruled Washington's objections.

Defendants filed a memorandum of costs seeking $5,796.43, which was unopposed by Washington. The trial court entered a "Judgment Awarding Costs" of $5,796.43 to the Housing Authority. Subsequently, at defendants' request, the court entered an amended judgment awarding the costs to both the Housing Authority and Layne.

## DISCUSSION

### I. *Summary Judgment—General Principles*

A defendant moving for summary judgment has the initial burden of showing that the action lacks merit; i.e., that "one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to that cause of action." (§ 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849-850 (*Aguilar*).) If the defendant makes this initial showing, the burden shifts to the plaintiff to produce some evidence showing the existence of a triable issue of material fact. (*Aguilar*, at p. 849.) The procedural vehicle for ascertaining whether a triable issue of fact exists is "a

separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed." (§ 437c, subd. (b)(1).)

The party opposing a motion for summary judgment is required to "include a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. . . . Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (§ 437c, subd. (b)(3).)

Where an order granting summary judgment is challenged on appeal, we review the trial court's decision de novo. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.) But while our review is de novo, it is limited to issues that have been adequately raised and supported in the appellant's brief. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 (*Reyes*); *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)

With respect to evidentiary objections made by the parties to a summary judgment motion, we review the court's rulings for abuse of discretion. (*Miranda v. Bomel Construction Co., Inc.* (2010) 187 Cal.App.4th 1326, 1335 (*Miranda*).) We also review for abuse of discretion a court's ruling on the effect of a party's failure to comply with the Rules of Court. (See *Truong v. Glasser* (2009) 181 Cal.App.4th 102, 118; *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208 (*Parkview Villas*).)

II. *The Procedural Defects in the Separate Statement Do Not Require Reversal*

Washington argues that defendants' separate statement of undisputed facts did not comply with procedural requirements of the California Rules of Court[4] and could not support an order granting summary judgment and/or adjudication. We conclude that the technical violations identified by Washington did not deprive him of adequate notice or

_____

[4] Further references to rules are to the California Rules of Court.

due process and that the trial court did not abuse its discretion in overruling his objections to the format of the separate statement.[5]

A. *Failure to Repeat Summary Adjudication Issues Verbatim*

Washington's first complaint is that while the notice of motion identified 10 separate issues for summary adjudication, the separate statement identified only six issues and does not repeat verbatim the issues stated in the motion. He claims this violated rule 3.1350(b), which provides, "If summary adjudication is sought, whether separately or as an alternative to the motion for summary judgment, the specific cause of action, affirmative defense, claims for damages, or issues of duty must be stated specifically in the notice of motion and be repeated, verbatim, in the separate statement of undisputed material facts."

The first six separate issues for summary adjudication, affecting the first, third, fifth, eighth, tenth and eleventh causes of action, are essentially the same in both the notice of motion and separate statement, with minor semantic differences. For example, Issue 1 in the notice of motion states, "Defendants the Housing Authority and Ingrid Layne are entitled to summary adjudication of Plaintiff's claims for hostile work environment (1st Cause of Action) and quid pro quo harassment (3rd Cause of Action) based on their affirmative defense of failure to exhaust administrative remedies," while Issue 1 of the separate statement reads, "DEFENDANTS' AFFIRMATIVE DEFENSE OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BARS PLAINTIFF'S CLAIMS FOR HOSTILE WORK ENVIRONMENT (1ST CAUSE OF ACTION) AND QUID PRO QUO HARASSMENT (3RD CAUSE OF ACTION)." The difference in the language is not material and the trial court did not abuse its discretion when it found any defect in this respect to be de minimis.

---

[5] Because Washington has raised only procedural issues regarding the order granting summary judgment, we deem any challenge to the substance of the court's ruling to have been waived or abandoned. (*Reyes*, *supra*, 65 Cal.App.4th 466, fn. 6.) Accordingly, we do not discuss in detail the merits of or defenses to the various claims.

7

The seventh through tenth issues for summary adjudication that were listed in the notice of motion indicated that the fourth, fifth, sixth, seventh, eighth and ninth causes of action are barred by the affirmative defense of governmental immunity and that the fourth, seventh and ninth causes of action are barred because workers' compensation is the exclusive remedy. (See, generally, *Miklosy v. Regents of the University of California* (2008) 44 Cal.4th 876.) The separate statement does not list these issues or any undisputed facts in support of these issues, but as defendants note, the arguments to which those issues pertain were based solely on the pleadings and did not require the consideration of evidence. The court would have been within its rights to consider issues seven through 10 as a motion for judgment on the pleadings, for which no separate statement is required. (*Hand v. Farmers Ins. Exchange* (1994) 23 Cal.App.4th 1847, 1853 [motion for summary adjudication based on the legal effect of the facts alleged in the complaint " 'in effect operated as a motion for judgment on the pleadings, a motion which fulfills the office of a general demurrer to test the complaint's sufficiency to state a cause of action;' " see also *Pan v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 989 [when moving party filed defective separate statement, court could elect to treat motion for summary judgment as one for judgment on the pleadings].) The legal basis for the defendant's argument was set forth fully in the points and authorities and the trial court did not abuse its discretion when it determined that Washington was not misled by the formatting of the motion and separate statement.

B. *Failure to Separately Identify Each Claim*

Washington next complains that the separate statement combined the defendants' attack on first and third causes of action (for hostile work environment and quid pro quo harassment) in a single issue (alleging a failure to exhaust administrative remedies). He claims this format violates rule 3.1350(d), which provides, "The Separate Statement of Undisputed Material Facts in support of a motion must separately identify each cause of action, claim, issue of duty, or affirmative defense . . . ." We disagree with Washington. The separate statement *does* separately list the affirmative defense of exhaustion of administrative remedies, and includes under one heading the two causes of action to

8

which that defense applies. In any event, this aspect of the formatting could not possibly have caused Washington any confusion, as it was clear defendants were seeking summary adjudication of the first and third causes of action based on the failure to exhaust administrative remedies.

C. *Failure to Cite Page Numbers of Documents Designated as Evidence*

Rule 3.1113(k) (which applies to motions in general, rather than to summary judgment motions in particular) provides, "All references to exhibits or declarations in supporting or opposing papers must reference the number or letter of the exhibit, the specific page, and, if applicable, the paragraph or line number." Washington complains that defendants, in their separate statement of undisputed facts, referred to documents without citing the page number, did not identify certain documents by number, failed to attach a copy of the third amended complaint, and incorporated certain facts by reference. He does not explain how these defects—technical violations at best—were misleading or deprived him of the opportunity to respond to the motion on its merits. " 'Separate statements are required not to satisfy a sadistic urge to torment lawyers, but rather to afford due process to opposing parties and to permit trial courts to expeditiously review complex motions for . . . summary judgment to determine quickly and efficiently whether material facts are disputed.' " (*Parkview Villas*, *supra*, 133 Cal.App.4th at p. 1210.)

D. *Failure to Carry Procedural Burden*

In a somewhat cryptic argument, Washington, after discussing the respective burdens of parties to a summary judgment motion, states that "Given Defendants' failure to strictly comply with required procedures on summary judgment/adjudication, they have failed to carry their threshold burden as a matter of law." Because we have concluded that the trial court properly overruled Washington's procedural objections to defendants' motion, we reject this claim.

III. *The Trial Court Did Not Err in Granting Defendants' Request for Judicial Notice*

The trial court granted defendants' request that it take judicial notice of (1) a 12-page fax from DFEH responding to a request for public records, consisting of documents pertaining to the discrimination claim made by Washington in December 2009; and (2) a

9

letter from the Equal Employment Opportunity Commission (EEOC) in response to a Freedom of Information Act request, stating it had no record of a claim made by Washington against the Housing Authority. Washington argues that judicial notice was inappropriate because the documents were neither "itemized" not authenticated. We disagree.

The records, reports, and orders of administrative agencies are official records of which a court may take judicial notice. (Evid. Code, § 452, subds. (c), (g) & (h); *SC Manufactured Homes, Inc. v. Liebert* (2008) 162 Cal.App.4th 68, 82, fn. 8; *Rodas v. Spiegel* (2001) 87 Cal.App.4th 513, 518.) Under Evidence Code section 1280, "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies: [¶] (a) The writing was made by and within the scope of duty of a public employee. [¶] (b) The writing was made at or near the time of the act, condition, or event. [¶] (c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

Defendants presented the DFEH and EEOC documents in support of their argument that Washington did not exhaust his administrative remedies as necessary for the first and third causes of action, which alleged hostile work environment and quid pro quo harassment. The documents show that while Washington completed a pre-complaint questionnaire with DFEH in which he confirmed having consensual sex with Layne and requested a paternity test for her child, he did not file a formal charge or obtain a right-to-sue letter on charges of hostile work environment and harassment. (See, generally, *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1612-1614.)

Washington claims that the DFEH documents were not "itemized" as required by rule 3.1113 because the request for judicial notice did not separately list each document received from DFEF. Defendants' request for judicial notice clearly stated that the documents attached as Exhibit 1 in support of the motion for summary judgment/adjudication, and of which judicial notice was sought, were "provided by [DFEH] in response to a Public Records Act request" by counsel for appellant, and

10

included, "an Amended Certification in Response to Public Records Request, Case Management Information System ("CMIS") printout of the status of Leo Washington's December 2009 appointment with the DFEH, January 7, 2010 letter from DFEH Consultant Debbie Booker to Leo Washington, Pre-Complaint Questionnaire and Intake Notes." This "itemization" of the documents was sufficient to comply with rule 3.1113.

Washington also complains that the documents from DFEH and the EEOC were not properly authenticated. The DFEH documents were accompanied by an amended certification in response to a public records request signed by the custodian of records for that agency. Evidence Code sections 1530 through 1532 establish a presumption that documents are true and correct copies of official records when certified by the issuing agency. (*Ambriz v. Kelegian* (2007) 146 Cal.App.4th 1519, 1530.)

The EEOC document stating there was no record of any complaint by Washington (a fact he does not appear to contest) was not certified, but it was signed by a deputy director of that agency and was sent in response to a Freedom of Information Act request by defendants' counsel. " 'If a letter . . . is sent to a person and a reply is received in due course purporting to come from that person, this is sufficient evidence of genuineness.' " (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 320, 321; see also *Christian Research Institute v. Alnor* (2007) 148 Cal.App.4th 71, 83 [Freedom of Information Act documents received and authenticated by attorney were admissible as official records].)

IV. *The Trial Court Properly Concluded that Washington Was Timely Served with the Motion for Summary Judgment/Summary Adjudication*

Washington argues that the motion for summary judgment/summary adjudication should have been denied because he was not timely served. He claims that as a consequence of the late service, he did not have sufficient time to oppose the summary judgment motion on its merits. We disagree.

The hearing date for the motion was March 23, 2012. Under section 437c, subdivision (a), a motion for summary judgment must be served on the opposing party at least 77 days before the hearing if service is made by Federal Express or another form of overnight delivery. Under section 1013, subdivision (c), service is complete when the

11

documents are deposited with an overnight carrier. (See *Barefield v. Washington Mut. Bank* (2006) 136 Cal.App.4th 299, 302-303.) The proof of service filed by defendants shows that the summary judgment papers were deposited with Federal Express on December 30, 2011, for service at the address of Sonja Colbert's home, where Washington resided. This provided more than the 77 days of notice required by statute.

Washington protested in his opposition papers that he did not receive a copy of the summary judgment motion until February 15, 2012. He submitted a declaration by Colbert stating that no Federal Express deliveries were made to her home between September 2011 and February 15, 2012. Defendants objected to Colbert's declaration on the ground that she lacked sufficient personal knowledge of this fact, and submitted a confirmation by Federal Express that the papers had been delivered to Colbert's address on December 31, 2011.

Whether service was properly made as shown by a proof of service is a question of fact for the trial court, and its determination is binding on an appellate court if supported by substantial evidence. (See *People v. Safety National Casualty Corp.* (2010) 186 Cal.App.4th 959, 973; *Glasser v. Glasser* (1998) 64 Cal.App.4th 1004, 1010-1011; *Crescendo Corp. v. Shelted, Inc.* (1968) 267 Cal.App.2d 209, 212.) Here, the court properly sustained the defendants' objection to Colbert's declaration (who could not vouch for the complete lack of Federal Express deliveries during a six-month period unless she could also establish that she never left her house) and relied on the proof of service filed by defendants to find that service had been timely made. Substantial evidence supports the trial court's conclusion that Washington was given the notice required by statute.

V. *Washington's Deposition Testimony Could be Considered as Evidence Supporting Summary Judgment*

Washington argues that the court erred in considering his own deposition as evidence supporting the summary judgment motion, claiming he was under the influence of psychiatric medication when he gave the testimony. He did not present any competent evidence that his medication actually rendered him incompetent to testify; hence, the trial

12

court did not abuse its discretion in concluding the deposition excerpts were admissible. (*Miranda*, *supra*, 187 Cal.App.4th at p. 1335.)  Moreover, Washington cannot demonstrate prejudice when he has not even attempted to specify which portions of his deposition testimony were relied upon by the trial court in granting summary judgment. (See *Suarez v. Life Ins. Co. of North America* (1988) 206 Cal.App.3d 1396, 1407 [party to summary judgment motion required to show that erroneous evidentiary ruling was prejudicial].)

## VI. *The Court Did Not Abuse its Discretion in Denying Washington's Motion to Amend the Complaint*

In 2010, Washington's girlfriend Sonja Colbert filed a separate civil complaint against Layne and the Housing Authority alleging several causes of action based on Layne's purported use of confidential information concerning Colbert.  Before defendants moved for summary judgment, Washington filed a motion to amend the complaint to name Colbert as an additional plaintiff in his lawsuit.  The court denied the motion to amend, concluding that Colbert's claims were different from Washington's, having arisen in the aftermath of the alleged relationship between Washington and Layne. Washington now challenges the order denying the motion to amend, which we consider as an interim ruling appealable from the final judgment in this case.  (See, generally, *Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1544-1545 [interim orders may be reviewed in appeal from final judgment under "one final judgment rule"].)

We conclude the court did not abuse its discretion in denying the motion to amend.  (See *M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.* (2012) 202 Cal.App.4th 1509, 1536.)  Because Colbert had already filed a separate lawsuit, the amendment was not required for her to pursue her claims.  Washington does not suggest how he himself was prejudiced by the order.  Washington's claims were based on alleged sexual misconduct by Layne, her use of confidential information she received about him from his employment files, and her breach of an agreement to pay him for remodeling work. These claims were "procedurally, legally and factually different" from Colbert's, which were based Layne's alleged use of confidential financial information that the Housing

13

Authority possessed about Colbert due to Colbert's status as a Section 8 housing vendor. In any event, given that Washington's claims have now been resolved by summary judgment, the issue of consolidating Colbert's claims with his own have been rendered moot. (See *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490 [issue is moot when it is impossible for appellate court to grant requested relief].)

VII. *Amendment of Judgment Awarding Costs*

After summary judgment was granted, defendants jointly filed a memorandum of costs seeking to recover $5,796.43, along with a proposed judgment in that amount. The proposed judgment did not mention defendant Layne, but purported to award costs to the Housing Authority only. Washington did not challenge the amount of the costs claimed by defendants, and the court signed and entered the proposed judgment. Defendants then submitted a proposed amended judgment awarding costs to both the Housing Authority and Layne, which the court signed and entered.

With no citation to authority, Washington complains this amendment was an improper "unilateral" action. We disagree. "Where a judgment fails to express the court's true intentions as they existed at the time of rendition, the court generally has the power to correct the judgment to reflect those intentions." (*People v. Landon White Bail Bonds* (1991) 234 Cal.App.3d 66, 77.) Here, the memorandum of costs was submitted in the name of both defendants, and there is no suggestion the court intended to award costs solely to the Housing Authority. The entry of an amended judgment to correct this oversight was not unauthorized or an abuse of discretion. Nor has Washington been prejudiced, when the total amount of the judgment against him has not changed.

DISPOSITION

The judgment is affirmed. Ordinary costs on appeal are awarded to defendants/ respondents.

14

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BRUINIERS, J.