Filed 11/17/14  Currie v. Field Asset Services CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MANEVA A. CURRIE, | B253379 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC117168) |
| v. | |
| FIELD ASSET SERVICES, LLC, | |
| Defendant and Respondent. | |

APPEAL from the judgment of the Superior Court of Los Angeles, Richard A. Stone.  Affirmed.

Maneva A. Currie, in pro. per., for Plaintiff and Appellant.

Wingert Grebing Brubaker & Juskie, Deborah S. Dixon, Andrew B. Kleiner, for Defendant and Respondent.

_____

Plaintiff Maneva A. Currie appeals from the judgment entered after the trial court granted summary judgment in favor of defendant Field Asset Services, LLC (Field Asset). The only issue clearly identified in Currie's opening brief[1] is that Field Asset failed to file its motion for summary judgment within the time required by statute. Because this contention lacks merit, we affirm the judgment.

## BACKGROUND

Currie's operative complaint alleged 14 causes of action against numerous parties.[2] Currie alleged Field Asset engaged in unlawful business practices on behalf of U.S. Bank (the bank) in connection with the bank's foreclosure on property in which Currie was a tenant. An unlawful detainer judgment was obtained against Currie, and all of her property was removed from the residence.

Currie alleged in her first cause of action that Field Asset engaged in unlawful and wrongful eviction by posting an unsigned judgment at the residence before eviction. Currie's fourth cause of action against Field Asset alleged unfair competition based upon the bank's conduct throughout its dealings with Currie. Her sixth cause of action alleged intentional infliction of emotional distress caused by removing her property from the residence without lawful documentation. The seventh cause of action alleges negligent infliction of emotional distress, although no specific allegation is made against Field

---

[1] Currie's action involved numerous defendants who are not parties to this appeal. Her opening brief details various perceived transgressions throughout the course of the litigation, but the only issue identified by Currie with sufficient clarity to be considered on appeal as to Field Asset is the issue she raised in her opposition to summary judgment in the trial court—that the summary judgment motion was untimely. We do not address any other issue in this appeal. (See Cal. Rules of Court, rule 8.204 [a brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument . . . ."])

[2] Because of the limited issue on appeal, we do not set forth Currie's allegations against other parties, except where relevant to her action against Field Asset.

2

Asset.  Fraud and deceit was alleged in the tenth cause of action based on allegations that Field Asset removed Currie's belongings without lawful documentation.  Conspiracy was alleged against all defendants in the twelfth cause of action, with Field Asset's role in the conspiracy described as forcing Currie out of her residence without cause and in violation of the rent control ordinance.  Currie's fourteenth cause of action seeks to enjoin all defendants from engaging in unlawful conduct.

### *Field Asset's Motion for Summary Judgment or Summary Adjudication*

Field Asset filed its motion for summary judgment on September 12, 2003, with a hearing date of November 26, 2013.  The caption of the motion indicates a trial date had not been set.  The proof of service indicates the motion and all supporting documents were served on Currie on September 10, 2013, via overnight mail.

Field Asset established the following undisputed facts.  Currie was a tenant in a single family residence.  One West Bank became the owner after a legal foreclosure and obtained a court order for eviction.  After One West Bank performed the eviction, it hired Field Asset to perform property preservation services.  Field Asset secured the property and the personal property inside.  Field Asset only became involved after foreclosure and eviction.

In addition to its own separate statement of undisputed facts, Field Asset established that Currie had failed to produce any evidence in response to discovery requests, including form interrogatories, special interrogatories, requests for admissions, and demand for production of documents.  Currie did not propound discovery on her own behalf.  As a result, Field Asset argued that Currie possessed no evidence to oppose summary judgment.

3

### *Currie's Opposition to Summary Judgment*

Currie opposed summary judgment on the basis that the motion was untimely under Code of Civil Procedure section 437c.[3]  Currie contended that a summary judgment motion must be served at least 75 days prior to the hearing, but because service was made by express mail, the period was extended two days.  Attaching an unverified copy of the overnight mail receipt showing a shipping date of September 10, 2013, and an arrival date of September 11, 2013, Currie argued service was not made with at least 77 days notice.  Currie presented no evidence of disputed facts in opposition to summary judgment.

### *Reply of Field Asset*

Field Asset argued Currie had failed to submit any admissible evidence to establish a triable issue of material fact.  Currie chose to rely only on the baseless allegations of her first amended complaint.  In addition, Currie had failed to respond to the requests for admission, and the trial court deemed all of the requests admitted.  Finally, Currie is incorrect in her argument that she was not served in a timely fashion.

### *Ruling of the Trial Court*

The trial court ruled Field Asset was entitled to summary judgment, rendering moot the alternative request for summary adjudication of causes of action.  The court noted that Field Asset's motion for summary judgment established entitlement to judgment, and Currie had submitted no facts in opposition, merely arguing that the summary judgment motion violates section 437c.  Currie did not file an opposing

---

[3] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

separate statement of facts, and without one, it is impossible to demonstrate the existence of disputed material facts.  The court reviewed all the moving papers and concluded summary judgment was appropriate.

**DISCUSSION**

As in the trial court, Currie makes no meaningful attempt to show that Field Asset was not entitled to summary judgment on the merits.  Currie does make a cursory argument that the motion for summary judgment was not served within the time permitted by section 473c, subdivision (a), because she did not receive the required 75 days of notice plus two days for overnight mailing.  Currie reasons that the operative date for determining the timeliness of service of a motion for summary judgment is the date of receipt, rather than the day of mailing.  We disagree.

Currie's contention requires interpretation of the language of section 473c.  "The proper interpretation of statutory language is a question of law which this court reviews de novo, independent of the trial court's ruling or reasoning.  (*Redevelopment Agency v. County of Los Angeles* (1999) 75 Cal.App.4th 68, 74.)"  (*Union Bank of California v. Superior Court* (2004) 115 Cal.App.4th 484, 488.)

The statutory interpretation issue raised by Currie was addressed in *Barefiled v. Washington Mut. Bank* (2006) 136 Cal.App.4th 299 (*Barefield*).  "Section 437c, subdivision (a) provides, in pertinent part:  'Notice of the motion [for summary judgment] and supporting papers shall be served on all other parties to the action at least 75 days before the time appointed for hearing.  However, . . . if the notice is served by facsimile transmission, Express Mail, or another method of delivery providing for overnight delivery, the required 75–day period of notice shall be increased by two court days.  The motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise.  The filing of the motion shall not extend the time within which a party must otherwise file a responsive pleading.'"  (*Id.* at p. 302.)

5

Service is complete at the time of mailing.  (§ 1013, subdivision (c); *Barefield*, *supra*, 136 Cal.App.4th at pp. 302-303.)  "Increasing a 75–day period by two court days implies the addition occurs at the end of the 75–day period instead of at the beginning.  (See Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2005) ¶ 10:77, p. 10-30 ['It is unclear whether the court days are tacked on at the beginning or end of the 75–day period.  But the probable interpretation is to add the 'court days' at the end . . . so that if the 75th day falls on a Friday, the motion should be noticed for no sooner than Tuesday'].)"  (*Barefield*, *supra*, at p. 303.)  The *Barefield* court agreed that the method of calculation set forth by Weil & Brown is correct.  (*Ibid*.)  Currie's argument that service was effective on the date of receipt, and that 75 days ran from that date, is based on an incorrect interpretation of the statute.

The 77 day period applicable in this case commenced on September 10, 2013, the day the motion for summary judgment was sent to Currie via overnight mail.  Seventy-seven days from the date of mailing fell on November 26, 2013, which was the day the hearing on the motion for summary judgment was conducted.  Service was timely under section 473c, subdivision (a).

**DISPOSITION**

The judgment is affirmed.  Costs on appeal are awarded to Field Asset Services, LLC.


KRIEGLER, J.


We concur:


MOSK, Acting P. J.


ROTHSCHILD, J.*

---

* Presiding Justice of the Court of Appeal, Second Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.