Filed 3/29/24  Ellis v. Alhambra Unified School District CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DARYL ELLIS, | B325864 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 19STCV19990 |
| v. | |
| ALHAMBRA UNIFIED SCHOOL DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge. Affirmed.

Daryl Ellis, in pro. per., for Plaintiff and Appellant.

Kessel & Megrabyan, Elizabeth M. Kessel, Armineh Megrabyan, and Maria Markova for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff and appellant Daryl Ellis (plaintiff) appeals from a judgment entered after the court granted a motion for summary judgment filed by defendants and respondents Alhambra Unified School District (District), Anna Kuo, and Christa Van Orden (collectively defendants). Plaintiff does not challenge the merits of the court's ruling on the motion. Instead, he claims two procedural errors warrant reversal of the judgment. Finding no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND[1]

### 1. Complaint; Trial Date

Plaintiff initiated this lawsuit against defendants in June 2019. The operative fifth amended complaint, filed in February 2022, includes six causes of action under Government Code section 12940 (discrimination on the basis of race, age, and disability, failure to accommodate disability, harassment, failure to prevent discrimination and harassment) and five additional claims related to plaintiff's employment and termination of employment with the District.

In April 2021, the court set the case for trial on August 22, 2022.

---

[1] Although plaintiff appeals from a judgment entered after the court granted defendants' motion for summary judgment, he only challenges the underlying orders vacating the trial date and specially setting the motion for summary judgment for hearing. In the interest of brevity, we summarize only the factual and procedural details relevant to those rulings.

## 2. Ex Parte Application to Continue Trial Date

In May 2022, defendants filed an ex parte application requesting a 180-day continuance of the trial date under California Rules of Court, rule 3.1332(c), due to recent events in trial counsel's personal life that compromised defendants' ability to prepare a timely motion for summary judgment and to prepare for trial. Specifically, on April 25, 2022, just a few days before the second day of plaintiff's deposition, trial counsel's home sustained major damage from a water leak which required her family to relocate for three to four months. Due to that circumstance, defendants took plaintiff's deposition date off calendar and it had not yet been rescheduled. Further, trial counsel's young son had recently developed severe asthma which was difficult to control. This circumstance caused him to miss 90 percent of school over the previous two months and numerous consultations with medical specialists were scheduled during the coming weeks. Counsel explained that, due to these disruptions, she had been unable to complete discovery and file a motion for summary judgment to be heard before the 30-day pretrial motion cut-off date. She also anticipated that her family would be moving back into their home either during or immediately before the scheduled trial date, which she expected would again compromise her ability to prepare for and litigate the trial.

Plaintiff opposed defendants' request for a continuance, noting that plaintiff had been unemployed for several years and sought to resolve the case and recover damages as soon as possible. At the same time, however, plaintiff disclosed that one of his attorneys was then suffering from health issues that made it difficult or impossible for him to prepare for or participate in the trial.

On May 9, 2022, the court denied defendants' ex parte application without prejudice.

### 3. Ex Parte Application to Specially Set Motion for Summary Judgment

On June 7, 2022, defendants filed their motion for summary judgment and on June 8, 2022, defendants filed an ex parte application to specially set their motion for summary judgment for hearing on September 8, 2022 or any other date convenient for the court. The application stated that at the ex parte hearing on May 9, 2022, the court indicated it would specially set a motion for summary judgment brought by defendants. Based on the court's directive, defendants subsequently attempted to reschedule plaintiff's second day of deposition. Opposing counsel refused to agree to any date unless defendants first agreed to produce the individual defendants for their depositions. After all the depositions were completed, defense counsel moved as quickly as possible to revise the motion for summary judgment but suffered some delay in obtaining the deposition transcripts. Counsel also reminded the court that the trial could be impacted by delays due to her son's health, her family's relocation, and the health of plaintiff's lead counsel, as outlined in the May 2022 ex parte application and opposition thereto.

Plaintiff opposed the ex parte application. Mainly, plaintiff asserted that defendants should have filed their motion for summary judgment to coincide with the previously scheduled hearing date on July 21, 2022, more than 30 days prior to the August 22, 2022 trial date. Plaintiff asserted that defendants failed to show good cause for their failure to meet the 30-day pretrial motion cut-off date and asked the court to deny their

4

request to specially set the motion for hearing. The opposition generally asserted that "[f]urther delays only to give Defendant[s] another chance to file a[n] MSJ would be grossly unfair to Plaintiff's rights and highly prejudicial."

The court granted the ex parte application and allowed the September 8, 2022 hearing date to stand. The court advanced and vacated the final settlement conference and the August 22, 2022 trial date, and scheduled a trial setting conference for September 8, 2022.[2]

### 4.  Motion for Summary Judgment

As noted, on June 7, 2022 defendants filed a motion for summary judgment supported by declarations, exhibits, and materials attached to a request for judicial notice. The motion and accompanying materials were served by email per the parties' agreement.

Plaintiff opposed the motion on the merits and did not raise any issue relating to the service of the motion for summary judgment and its supporting materials. Counsel did not raise any issue relating to the service of the motion at the hearing.

On September 14, 2022, the court granted defendants' motion for summary judgment.

### 5.  Judgment and Appeal

The court entered a judgment in favor of defendants on October 18, 2022.

Plaintiff timely appeals.

---

[2] Pursuant to a subsequent ex parte application, the court continued the hearing on the motion for summary judgment and the trial setting conference to September 14, 2022.

## DISCUSSION

Although plaintiff appeals from a judgment entered after summary judgment, he does not challenge the merits of the court's ruling on the summary judgment motion. Instead, he contends the court erred by vacating the August 22, 2022 trial date and asserts he did not receive the required 75-day notice of the hearing on the motion for summary judgment.[3] We reject both arguments.

### 1. Appealability

We first address defendants' jurisdictional argument. As defendants observe, the only item identified in plaintiff's notice of appeal is the October 18, 2022 judgment. Defendants claim we lack jurisdiction to consider the court's June 9, 2022 order—the ruling attacked by plaintiff here—because that order was not separately identified in plaintiff's notice of appeal.

Defendants are wrong. The June 9, 2022 order is not appealable. (Code Civ. Proc., § 904.1.) A nonappealable order may properly be challenged in an appeal from an ensuing judgment. (*Id.*, § 906; see, e.g., *Mosley v. Pacific Specialty Ins. Co.* (2020) 49 Cal.App.5th 417, 422 [noting court of appeal may review any nonappealable order encompassed within the judgment, even if not identified in notice of appeal].)

*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, cited by defendants, does not compel a different result. There, the Court of Appeal noted that all *appealable*

---

[3] Plaintiff also raises an issue regarding his medical records in his reply brief. "We do not consider arguments raised for the first time in a reply brief." (*Committee to Relocate Marilyn v. City of Palm Springs* (2023) 88 Cal.App.5th 607, 636, fn. 8.)

judgments and orders must be specifically identified in a notice of appeal to be reviewable on appeal. (*Id.*, at p. 239.) The notice of appeal at issue identified a judgment entered on January 30, 2003 as the subject of the appeal. The court held that it lacked jurisdiction to review the trial court's order granting a new trial, entered on January 17, 2003, because that order was separately appealable and "[t]he notice of appeal neither specifies the new trial order nor makes it ' "reasonably clear" ' Plaintiffs were trying to appeal from it." (*Ibid.*)

Here, as noted, the June 9, 2022 order granting defendants' ex parte application to specially set the motion for summary judgment is *not* appealable. Accordingly, that order did not need to be separately identified in the notice of appeal to enable our review.

## 2.  Appellant's Burden on Appeal

There are fundamental rules and principles of appellate practice which govern the types of issues and arguments that may be raised on appeal, the form in which such arguments should be made, and the manner in which the facts should be stated. As will become evident, plaintiff's presentation of this case on appeal is inadequate in a number of ways.

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Failure to provide an adequate record requires that the issue be resolved against the appellant. (*Maria P. v.*

7

*Riles* (1987) 43 Cal.3d 1281, 1295; see *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

In addition, the parties must provide citations to the appellate record directing the court to the supporting evidence for each factual assertion contained in that party's briefs. When an opening brief fails to make appropriate references to the record in connection with points urged on appeal, the appellate court may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779–801 [several contentions on appeal "forfeited" because appellant failed to provide a single record citation demonstrating it raised those contentions at trial].) Further, the parties must support their arguments by citing relevant legal authority. (See, e.g., *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700 [issue not supported by pertinent or cognizable legal argument may be deemed abandoned].)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial. [Citation.]" (*Ibid.*) And it is well established that " '[w]hen a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and

attorneys [citations].' [Citations.]" (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056.)

Large portions of plaintiff's briefs fail to comply with these basic principles of appellate practice. Giving his opening brief a generous reading, we discern two cognizable arguments: the court erred by vacating the August 22, 2022 trial date, and defendants failed to provide him the statutorily required 75-day notice of hearing on the motion for summary judgment. We address these arguments in turn.

3. **The court did not abuse its discretion in vacating the August 22, 2022 trial date.**

Plaintiff contends the court erred in continuing the August 22, 2022 trial date to allow defendants' motion for summary judgment to be heard. We disagree.

We review a trial court's order granting or denying a continuance for an abuse of discretion. " 'The decision to grant or deny a continuance is committed to the sound discretion of the trial court. [Citation.] The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record.' [Citations.]" (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.)

Trial continuances are disfavored and may be granted "only on an affirmative showing of good cause." (Cal. Rules of Court, rule 3.1332(c).) California Rules of Court, rule 3.1332(c) lists seven circumstances that may indicate good cause. In addition, "the court must consider all the facts and circumstances that are relevant to the determination." (*Id.*, rule 3.1332(d).) Among other

9

facts and circumstances, the trial court properly considers the proximity of the trial date, whether there were previous trial continuances, any prejudice that parties or witnesses would suffer as a result of the continuance, and whether the interests of justice are best served by a continuance, by the trial of the matter, or by imposing conditions on the continuance. (*Ibid*.)

We see no abuse of discretion here. No other trial continuances had been granted previously. On June 9, 2022, when the court continued the trial, the trial date was still several months away and one of plaintiff's lead attorneys had previously indicated he might be unavailable for the trial due to a health condition. Moreover, defendants planned to bring their motion for summary judgment in a timely manner, but external circumstances intervened and caused delays. Specifically, as explained *ante*, defendants' trial counsel's home sustained major damage in late April 2022 from a water leak which required her family to relocate. As a result, plaintiff's deposition was not completed as scheduled. During the same period, trial counsel's son had developed severe asthma which was difficult to control and caused counsel to be unavailable to work regularly due to her son's absences from school and to attend numerous medical appointments. Defendants' counsel was able to resume plaintiff's deposition in late May 2022 but only after she agreed to allow the depositions of the two individual defendants. Due to the content of the three new depositions, the draft motion for summary judgment needed substantial revision—a process delayed by difficulty obtaining the deposition transcripts despite counsel's attempts to expedite them. In sum, defendants' counsel explained that these disruptions left her unable to complete discovery and file a motion for summary judgment to be heard more than 30

days before the August 22, 2022 trial date. Based on these facts, we cannot conclude the court abused its discretion in concluding good cause existed to continue the trial and allow a properly noticed hearing on defendants' motion for summary judgment.

Moreover, even if the court did err by continuing the trial date, plaintiff fails to establish any prejudice from the error. As noted, we may only reverse a judgment upon a showing of both error and prejudice from that error. Plaintiff does not explain how the delay of the trial prejudiced him. He simply states that the court's ruling allowed defendants to bring a motion for summary judgment which resulted in a judgment against him. But to establish prejudicial error, plaintiff must demonstrate some relationship between the alleged error and the entry of judgment. Here, the judgment was entered after defendants moved for summary judgment and plaintiff does not challenge the correctness of the court's order granting the motion for summary judgment on the merits. To establish prejudicial error in this circumstance, plaintiff needed to establish that the trial continuance somehow prevented him from defeating the motion for summary judgment on the merits. He has not attempted to do so.

4. **Plaintiff received adequate notice of the hearing on the motion for summary judgment.**

Plaintiff repeatedly contends he did not receive the required 75-day notice of the hearing on defendants' motion for summary judgment. The record reveals otherwise.

Code of Civil Procedure[4] section 437c, subdivision (a)(2) provides, in pertinent part: "Notice of the motion [for summary

---

[4] All unspecified section references are to this code.

judgment] and supporting papers shall be served on all other parties to the action at least 75 days before the time appointed for hearing." Section 1010.6, subdivision (a)(3) states that service via email is "deemed complete at the time of the electronic transmission of the document or at the time that the electronic notification of service of the document is sent." (*Id.*, subd. (a)(3)(A).) Further, "[a]ny period of notice, or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic means by two court days." (*Id.*, subd. (a)(3)(B).)

Here, it is undisputed that defendants served their notice of motion and motion for summary judgment via email[5] on June 7, 2022. Based on that date of service, and taking into account the 75-day required notice and the additional two days for electronic service, the motion could have been heard, at the earliest, on August 24, 2022.[6] (See *Barefield v. Washington Mutual Bank* (2006) 136 Cal.App.4th 299, 303 [noting two-day extension should be added after the 75-day notice period is calculated].) And even if the notice period is calculated starting on June 9, 2022, the date the court specially set the motion for hearing, the motion still could have been heard as early as August 26, 2022. As noted *ante*, the motion was noticed for hearing on September 8, 2022,

---

[5] The proof of service indicates the parties agreed to accept service by email. Plaintiff does not contend otherwise.

[6] The 75th day after June 7, 2022 was Sunday, August 21, 2022. As that day falls on a holiday within the meaning of the statute, the 75-day notice period ended on Monday, August 22, 2022. (§§ 12a, 12b.)

well after the minimum required notice period. In short, plaintiff received more, not less, than the 75-day statutorily required notice of the motion for summary judgment.

As plaintiff notes, trial courts lack the authority to shorten the required 75-day notice period. (See, e.g., *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112, 118 [holding "trial courts do not have authority to shorten the minimum notice period for summary judgment hearings"].) We agree. But plaintiff's contention that he did not receive 75-days notice of the motion for summary judgment is based on the original trial date. Plaintiff appears to argue that the court should not have allowed defendants to file their motion for summary judgment because it was "late" in relation to the August 22, 2022 trial date. In other words, plaintiff urges that the only permissible hearing date would have been at least 30 days before the original trial date, or no later than July 22, 2022, and therefore the 75-day notice of the motion should have been provided no later than May 9, 2022. But once the court vacated the August 22, 2022 trial date, those date calculations were no longer applicable. Instead, the required notice period must be calculated in relation to the court-approved hearing date of September 8, 2022. With respect to that date, defendants were required to provide notice of the motion no later than June 22, 2022. And as already noted, defendants served the notice of motion on June 7, 2022 and the court confirmed the hearing date on June 9, 2022.

Further, and in any event, plaintiff waived any notice defect by opposing the motion for summary judgment on the merits and without further objection regarding notice. "[T]he 'general rule is that one who has been notified to attend a certain proceeding and does do so, cannot be heard to complain of alleged

13

insufficiency of the notice; it has in such instance served its purpose. …' " (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697–698 [plaintiff waived inadequate notice of summary judgment motion, despite raising the issue in his opposition and at the hearing, because he "never claimed he did not have adequate time to prepare a response, appeared at the hearing, argued the merits, never requested a continuance, and never claimed he was prejudiced by the defective service or inadequate notice of hearing"].) Here, plaintiff did not mention the notice issue in either his written opposition to the motion for summary judgment or at the hearing on the motion. Accordingly, the issue is waived.

## DISPOSITION

The judgment is affirmed. Defendants and respondents Alhambra Unified School District, Anna Kuo, and Christa Van Orden shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.

14